Fred Levi CAMPBELL

v.

The UNITED STATES.

No. 242–54.

United States Court of Claims.

March 6, 1957.

William Bogen, Washington, D. C., for plaintiff.

Frances L. Nunn, with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LARAMORE, Judge.

This is an action brought by an officer of the Regular Navy for active-duty pay and allowances in the grades to which he was promoted from the dates of rank stated in his commission rather than from the dates on which his appointments were made by the President.

Plaintiff has been paid a certain amount which the defendant now says was an error and counterclaims for the return of the money.

Most of the facts with reference to plaintiff's service and promotions, etc., were stipulated before the Commissioner and are briefly stated as follows:

Plaintiff was serving as a non-commissioned warrant officer in the Navy in the grade of pay clerk when he was captured by the Japanese on Guam, on December 9, 1941. He remained a prisoner until he was liberated in the early part of September 1945. Throughout his captivity the Navy continued to credit to plaintiff's pay accounts the pay and allowances of a pay clerk.

Upon his return to naval jurisdiction plaintiff received several temporary promotions pursuant to the Act of July 24, 1941, 55 Stat. 603, 34 U.S.C.A. § 350 et seq. The first promotion was made on September 8, 1945, to the grade of chief pay clerk, with date of rank from June 1, 1944. The second promotion was made on January 1, 1946, to the grade of lieutenant (j. g.), to rank from May 1, 1943. The third promotion was made on April 11, 1946 to the grade of lieutenant, to rank from July 1, 1944. Plaintiff was paid in the higher grade from the dates the several appointments were made and not from the dates of rank stated in his commissions. He now seeks to obtain pay from the dates of rank rather than from the dates the appointments were made.

On December 7, 1952, a determination was made by the Director, Special Payments Division, Field Branch, Bureau of Supplies and Accounts, Department of the Navy, pursuant to section 9 of the Act of March 7, 1942, 56 Stat. 143, 145, Missing Persons Act, 50 U.S.C.A.Appendix, §§ 1001 et seq., 1009, that plaintiff was entitled to the sum of $4,396.28, representing the difference between the pay plaintiff had received from the dates upon which the promotions were made and his dates of rank. The amount thus determined was paid to plaintiff. Thereafter a redetermination was made by the same official of the Navy Department pursuant to the same statutory authority. It was thereby determined that plaintiff was not entitled to be paid from his dates of rank, but only from the dates his appointments were made by the President. Demand was made upon plaintiff to refund the sum of $4,396.28 paid him under the original determination. Plaintiff refused to make any refund and, therefore, an exception was taken in his accounts in that amount. However, no part of the $4,396.28 has as yet been recovered from plaintiff.

Plaintiff has stipulated that all of his promotions were had pursuant to the provisions of the Act of July 24, 1941, supra, which provides in pertinent part as follows:

"Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That except as otherwise specified herein the authority granted by this Act shall be exercised only in time of war or national emergency determined by the President.

"Sec. 2(a) As used in this Act, the words 'temporarily appointed' shall be interpreted to mean also 'temporarily promoted' or 'temporarily advanced in rank', as the case may be.

"(b) The following personnel may be temporarily appointed to ranks or grades in the Regular Navy or Marine Corps, not above lieutenant in the Navy and captain in the Marine Corps:

"(1) Commissioned warrant officers of the Regular Navy and Marine Corps.

"(2) Warrant officers of the Regular Navy and Marine Corps.

"(3) First-class petty officers and above in the Regular Navy and platoon or staff sergeants and above in the Regular Marine Corps, including enlisted men of those grades on the retired list on active duty.

\* \* \* \* \*

"Sec. 3. Officers on the active list of the Regular Navy or Marine Corps in commissioned ranks, including those appointed under the authority of section 2 of this Act, may be temporarily appointed to higher ranks or grades in the Regular Navy or Marine Corps, and the provisions of paragraph 9 of section 1 of the Act approved June 10, 1922 (42 Stat. 626; U.S.C., title 37, sec. 2), shall be applicable to all officers eligible for consideration for appointment or advancement pursuant to the provisions of this Act, not only during the existence of a state of war formally recognized by Congress, but also during a national emergency determined by the President.

\* \* \* \* \*

"Sec. 5. The temporary appointments under the authority of this Act shall be in such numbers as the President may determine that the needs of the service require and in such manner and under such regulations as he may prescribe."

This act was amended by the Act of June 30, 1942, 56 Stat. 463. Section 1 of this act suspended the provisions of existing law insofar as those provisions related to the permanent promotion or advancement of all officers of the Navy and Marine Corps.

Section 5 of the above referred to act provides that the dates on which personnel *appointed pursuant to the Act of July 24, 1941*, supra, became entitled to the pay and allowances of the grades or ranks to which appointed shall be on the *dates on which such appointments were made by the President.*

Thus the case is almost identical with the case of Berry v. United States, 126 F.Supp. 190, 130 C.Cl. 33, wherein this court held plaintiff was not entitled to recover.

Plaintiff here says that notwithstanding the Berry decision, supra, section 2 of the Act of March 7, 1942, supra, 56 Stat. at page 144, 50 U.S.C.A.Appendix, § 1002, operated indepndently and without reference to the only existing promotion statute to effect his promotion retroactive to the date of rank stated in his appointments made after his return to naval jurisdiction.

This issue was presented in the Berry case, supra, and rejected by the court. While no reasons are given in the Berry case, the reasons are readily apparent.

Section 2 of the Missing Persons Act, supra, provides in pertinent part as follows:

"Sec. 2. Any person who is in active service and is officially reported as missing, missing in action, interned in a neutral country, or captured by an enemy shall, *while so absent,* be entitled to receive or to have credited to his account the same pay and allowances to which such person *was entitled at the time of the beginning of the absence or may become entitled to thereafter* \* \* \*." [Italics supplied.]

Section 2 was amended by the Act of July 1, 1944, 58 Stat. 679, 50 U.S.C.A. Appendix, § 1002, to read in pertinent part as follows:

"Sec. 2. Any person who is in active service and who is officially determined to be absent in a status of missing, missing in action, interned in a neutral country, captured by an enemy, beleaguered or be-

seiged shall, *for the period he is officially carried or determined to be in any such status,* be entitled to receive or to have credited to his account the same pay and allowances to which he was entitled at the beginning of such period of absence or may become entitled thereafter, * * *." [Italics supplied.]

 Thus it can be seen that had plaintiff been promoted while he was a prisoner, he would have been entitled to have the increase credited to his account. But plaintiff was not promoted during his absence and the Missing Persons Act is not a promotion statute. As heretofore stated, the only promotion statute in existence at that time was the Act of July 24, 1941, supra. All the Missing Persons Act did was to preserve any benefits to which various laws and regulations might entitle a man while missing or a prisoner of war. This is the clear language of the statute and undoubtedly the legislative intent. 88 Cong.Rec. 880–881. Therefore, since plaintiff was not entitled to higher pay, he cannot look to the Missing Persons Act to give him something to which he never became entitled.

 It naturally follows that if plaintiff could have no relief under the Missing Persons Act, supra, the sums paid him were paid in error and it has long been held that payments made to an officer because of a mistaken construction of the law by a Government department may be recovered by the United States. McElrath v. United States, 102 U.S. 426, 26 L.Ed. 189; United States v. Burchard, 125 U.S. 176, 8 S.Ct. 832, 31 L.Ed. 662; Wisconsin Central R. Co. v. United States, 164 U.S. 190, 17 S.Ct. 45, 41 L. Ed. 399.

Furthermore a redetermination was made by the Director of the Special Payments Division under section 9 of the Missing Persons Act, supra, that plaintiff was not entitled to the retroactive credit of pay and allowances claimed by him. It was further determined that the sum of $4,396.28 paid to plaintiff was in fact an erroneous payment. Demand was made upon plaintiff to refund this sum which plaintiff refused to do. The facts show that there is no evidence that the redetermination of plaintiff's claim by the Navy Department was made arbitrarily, capriciously, without cause, or in bad faith.

In Moreno v. United States, 93 F.Supp. 607, 118 C.Cl. 30, this court held that determinations of entitlement to pay under section 9 of the Missing Persons Act were conclusive and not reviewable by the court in the absence of a showing that the decision of the department was arbitrary or capricious.

For the reasons stated, plaintiff is not entitled to recover and his petition is dismissed. Defendant is entitled to recover of and from plaintiff on its counterclaim the sum of $4,396.28.

JONES, Chief Judge, and MADDEN, WHITAKER and LITTLETON, Judges, concur.