Charles R. DARBY

v.

UNITED STATES.

No. 189–58.

United States Court of Claims.

June 3, 1959.

———◆———

Frederick Bernays Wiener, Washington, D. C., for plaintiff.

Cyril Moscow, Washington, D. C., with whom was George Cochran Doub, Asst. Atty. Gen., for defendant.

LARAMORE, Judge.

Plaintiff, an Army officer, seeks to recover pay and allowances resulting from an adjusted date of rank.

Both plaintiff and defendant have filed motions for summary judgment, presenting the question as to whether the correction of plaintiff's records " * * * to show that his dates of rank, for all purposes, * * * " is to be construed as entitling plaintiff to pay and allowances from the corrected dates of rank.

The material facts are not in dispute and are, briefly, as follows: Plaintiff was appointed a Midshipman in the U. S. Navy on June 11, 1943. Following his graduation from the Naval Academy he was commissioned an Ensign in the Navy on June 5, 1946. Because of chronic seasickness he was permitted to resign from the Navy under honorable conditions on November 18, 1948, in expectation of an Army commission. Plaintiff was appointed a Second Lieutenant, Regular Army, on December 10, 1948. Thereafter he was appointed to the temporary grade of First Lieutenant on May 29, 1950; to the permanent grade of First Lieutenant on December 10, 1951; to the temporary grade of Captain on December 31, 1952; and to the permanent grade of Captain on October 29, 1954. Plaintiff is currently on duty as a Captain, U. S. Army.

After his acceptance of an Army commission, recommendations by plaintiff's military superiors for his promotion were disapproved because of the Army's refusal to give him credit for his commissioned Navy service. A request for the adjustment of plaintiff's position on the promotion list to give him such credit was also denied.

Plaintiff filed application to the Army Board for Correction of Military Records. As a result thereof, the Secretary of the Army directed "that all of the Department of the Army records of Charles R. Darby be corrected to show that his dates of rank, for all purposes, as Second Lieutenant in the Regular Army and First Lieutenant, Army of the United States, are 25 June 1946, and 27 May 1949, respectively, and that his dates of rank for grades subsequently held be adjusted in accord therewith."

The Adjutant General of the Army in due course notified plaintiff that his date of rank as Captain, Army of the United States, was similarly corrected. The Army register issued subsequent to these corrections reflected plaintiff's appointments to permanent and temporary grades in accordance with the corrected dates as directed by the Secretary of the Army and as published by the Adjutant General of the Army.

The results of the corrections made are indicated by the notification to plaintiff by the Adjutant General as follows:

"2. Under the provisions of title 10, U.S.Code, section 1552, Department of the Army General Orders 12 and Memorandum 1522, both dated 1 March 1957, your permanent dates of rank in the following grades in the Regular Army are changed as indicated:

| Grade | Old Date of Rank | New Date of Rank |
| --- | --- | --- |
| Second Lieutenant | 10 Dec 1948 | 25 Jun 1946 |
| First Lieutenant | 10 Dec 1951 | 25 Jun 1949 |
| Captain | 29 Oct 1954 | 1 Apr 1953 |

"3. Your basic date has been changed to 25 June 1946, and your position on the Regular Army promotion list has been adjusted accordingly so that you now follow Charles R. Smith, O50542, who has Promotion List Number 12787 in the 1957 Official Army Register.

"4. It has been determined that your date of rank as first lieutenant, AUS, should be 27 May 1949, and that your temporary date rank as captain should be adjusted on the basis that if you had been positioned on the Regular Army Promotion List in 1950 in accordance with the above changes to your records, you would have been eligible for promotion in the temporary promotion program announced in WCL 36753 dated 4 August 1950.

"5. By direction of the President, your date of rank and promotion eligibility date in the temporary grade of first lieutenant, AUS, is changed to 27 May 1949 and your date of rank and promotion eligibility date in the temporary grade of captain, AUS, changed to 30 December 1950."

Plaintiff filed claim for the difference in pay and allowances actually received by him in the amount he would have received if his promotions had not been withheld. This claim was disallowed by the Comptroller General on the basis of the Act of October 14, 1942, 56 Stat. 787, which provides:

"That every officer of the Army of the United States, or any component thereof, promoted to a higher grade at any time after December 7, 1941, shall be deemed for all purposes to have accepted his promotion to higher grade upon the date of the order announcing it unless he shall expressly decline such promotion, and shall receive the pay and allowances of the higher grade from such date unless he is entitled under some other provision of law to receive the pay and allowances of the higher grade from an earlier date. No such officer who shall have subscribed to the oath of office required by section 1757, Revised Statutes, shall be required to renew such oath or to take a new oath upon his promotion to a higher grade, if his service after the taking of such an oath shall have been continuous."

This suit results.

Plaintiff's claim is based entirely upon his revised "dates of rank." He argues

that the correction of his dates of rank changes his promotion dates so that he became entitled to additional compensation. In support of this plaintiff points to the language of the Correction Board order which says "that all of the Department of the Army records of Charles R. Darby be corrected to show that his dates of rank, for all purposes, * * *" and says that this means the Secretary of the Army changed the date of plaintiff's promotions and not simply his date of eligibility for promotion.

Defendant argues that the language is more restrictive in that "for all purposes" related only to results directly flowing from "dates of rank." This argument is not without merit. On the other hand, the objective of the Correction Board was not to correct an error, but to remove an injustice. What then is the injustice sought to be removed? All of plaintiff's fellow officers enjoyed an earlier improvement in their rank as well as pay, and in this respect unquestionably plaintiff would have climbed the ladder of success at the same rate as others had his Navy service been recognized by the Army. Certainly getting the same pay for an equal amount of knowledge, training and service is as important to an officer in the Army as to a person occupying a civilian position. To say otherwise would be to say that the emoluments of office are unimportant to a man in the military. This we cannot conceive. One cannot eat or put in the bank the glitter and glory that goes hand-in-hand with an officer of the Army. Officers like civilians have their future and families to think of and the pay commensurate to their station is of the greatest personal importance to the soldier. Consequently the Correction Board found an injustice had been done and when it acted to remove the injustice it must have meant to remove all the injustice.

Therefore, we read "for all purposes" to mean everything necessary to place plaintiff in the same position of his fellow officers and not to mean "for all purposes" except pay and allowances, which to us seems as important as rank or dates of rank.

The defendant cites an example of another correction of records to illustrate that the Correction Board meant not to change the promotion date. The cited example, an exhibit to its motion, reads " * * * that all of the Department of the Army records of (name deleted) be corrected to show: * * * c. that he was promoted to the grade of lieutenant colonel, Army of the United States, on 26 March 1954."

We have no way of knowing the facts behind the correction example offered by defendant in its exhibit. Many facts could have motivated this action. However, we do know that this correction read "for all purposes." "All" could only mean everything.

Furthermore, to give plaintiff benefit of the change in dates of rank, it was not necessary to say "for all purposes." Changing the date was enough to give plaintiff the fruits flowing from such a correction. Nor can we believe the choice of words was a mere accident, inasmuch as we cannot attribute to the Correction Board and/or the Secretary of the Army, the use of meaningless words. Thus to attribute any meaning to the expression is to say that it meant "everything," which includes pay.

Defendant points to this court's decisions in the cases of Berry v. United States, 126 F.Supp. 190, 130 Ct.Cl. 33 and Campbell v. United States, 149 F.Supp. 199, 137 Ct.Cl. 742, 745, to show the distinction between date of rank and date of promotion. However, in the Berry and Campbell cases the promotion statute under which Berry and Campbell were promoted clearly stated that the pay and allowances of the higher grade be from the dates on which such appointments were made by the President. No such statute is present here.

Plaintiff bases his claim here under the statute which permitted the Department of the Army to pay plaintiff pursuant to correction of his records, 10 U.S.C. § 1552. However, defendant says that the

622

Act of October 14, 1942, 56 Stat. 787, prevents the payment thereof. Notwithstanding the fact that said act had been repealed prior to the instant correction of records, defendant says that a later act, 10 U.S.C. § 3451(a), provides substantially the same. Each of the above acts referred to contains practically the same language; *i. e.*, unless entitled to pay and allowances from an earlier date under another provision of law. We believe that "another provision of law", 10 U.S.C. § 1552, permitted the Department of the Army to pay to plaintiff the sum sought here. Having failed to do so, plaintiff is entitled to recover in this suit the pay and allowances petitioned for.

Plaintiff's motion for summary judgment is granted and defendant's cross-motion for summary judgment is denied. The amount of recovery will be determined pursuant to rule 38(c) of the Rules of this court, 28 U.S.C.

It is so ordered.

BRYAN, District Judge, sitting by designation, JONES, Chief Judge, and MADDEN and WHITAKER, Judges, concur.