Dureee, Judge,
delivered tbe opinion of the court:
This is a suit to recover the difference between the retired pay of a lieutenant colonel and that of a full colonel. The plaintiff was retired for age as a lieutenant colonel, Regular Army, in 1942 and immediately recalled to active duty. He was retired a second time in 1944, again as a lieutenant colonel. While serving on active duty and before his initial retirement, the plaintiff was recommended for promotion to full colonel by his commanding officer but no action was taken to effect a promotion at any time prior to his second retirement.
*336 In 1956, the plaintiff applied to the Army Board for Correction of Military Records for correction of bis records to sbow a promotion to full colonel pursuant to the terminal leave promotion policy established by the War Department effective December 13,1945, and applicable to Regular officers as of May 15, 1946. The Board recommended that all of the plaintiff’s records be corrected to show that he was promoted to colonel under the terminal leave promotion policy, with an effective date of May 15, 1946. It further recommended “that no monetary benefits of any kind be paid by the Department of the Army as a result of the foregoing correction of record.” The Secretary of the Army adopted both recommendations.
The plaintiff alleges that the action of the Secretary was arbitrary, capricious and unlawful in that, although he was found to be eligible for promotion, the emoluments accompanying the grade of colonel were denied him. Our attention is directed to the case of Gaddington v. United States, 147 Ct. Cl. 629, which case the plaintiff contends is determinative of his right to recover.
In order for the plaintiff to recover increased retired pay, his promotion to colonel must be effective no later than the date of his retirement, since retired pay is based on the active duty pay being received at the time of retirement, or if effected while on the retired list, a statutory provision authorizing increased pay must be shown. The only authority for increased pay on which the plaintiff relies is the War Department terminal leave promotion policy which provided for one-grade promotions for officers possessing certain qualifications and under which plaintiff was promoted, but without the right to receive pay based on that promotion.
Several things are to be noted about the terminal leave promotion policy. The promotions were to be made coincident with processing for relief from active duty; no retroactive promotions or antedated orders were to be issued; and the promotions were to be made in the Army of the United States, expiring automatically six months after the termination of the national emergency. War Department Circular No. 140, May 15,1946.
*337 Although, promotions were to coincide with release from active duty and no promotions could be effected retroactively to any date prior to the promulgation of the policy, it appears from the record that concessions were made in that those officers who would have been eligible under the policy had they not been released from active duty before it was announced, were permitted to accept promotions dating from the promulgation date. This was the effect of the Correction Board determination which promoted plaintiff as of May 15, 1946. But in making such a concession the Board could not go back beyond that date.
The plaintiff, of course, had been retired for some months before the effective date of the policy and the date of his promotion to colonel. Although the Correction Board acted within its statutory authority in ordering a “mail box” promotion, it knew it could not grant increased retired pay by effecting a promotion subsequent to entry on the retired list. It did not attempt to do so, but, to the extent that it specifically withheld any additional monetary benefits from plaintiff, it acted superfluously. In the absence of any legislation authorizing increased pay, the advance in rank, accomplished as it was after the termination of his active service, could have had no effect on plaintiff’s retired pay. Furthermore, a study of the terms of the promotion policy negates plaintiff’s contention that the Board action in denying increased pay was a violation of the express terms of the policy.
There is one important difference between the Oaddington case, supra, and this case which makes it valueless as precedent for plaintiff’s recovery. The court did not base its judgment granting Oaddington his promotion with pay on the terminal leave promotion policy. Although the facts as to the two officers are similar in some respects, the opinion, at page 631, makes this distinction quite clear:
* * * we do not believe, in view of the facts revealed by the pleadings and briefs, that it is necessary to decide the issue solely on the question of whether plaintiff’s recovery is dependent upon the promotion policy dated December 13, 1945. That he should be granted this relief regardless of the existence of that policy is strongly supported by the admitted facts of record.
*338 The court then, proceeded to point out why it felt that Caddington should have received his promotion to colonel while still on active duty and undoubtedly would have had his records not been lost while he was being returned to a rear area hospital after suffering serious combat wounds in the South Pacific. He was held to be “entitled to the benefits of a record that is only slightly incomplete, due wholly to circumstances that were no fault of his own.” We said he “ought to have been promoted to full colonel during his tour of active duty and under no circumstances later than September 17, 1945, the date of his release from active duty.”
The plaintiff urges that this court’s holding in Darby v. United States, 146 Ct. Cl. 211, also supports his right to recovery. But that case, like Oaddington, differs seriously from the case now before us. In Darby a plaintiff whose dates of rank on active duty had been antedated by the Correction Board “for all purposes” was permitted to recover increased pay notwithstanding the act of October 14, 1942, 56 Stat. 787, which provided, in effect, that promotions were to be deemed effective as of the date of the order announcing them. The present plaintiff claims that since that statute is applicable to him he likewise is entitled to recover.
He overlooks, however, that provision in the Act which makes an exception to officers who are “entitled under some other provision of law to receive the pay and allowances of the higher grade from an earlier date.” But Darby, in contradistinction to this plaintiff, was entitled under some other provision of law, namely, 10 IT.S.C. § 1552[1] which permits payment of claims arising as a result of Correction Board action, and we so stated in the opinion. Darby, therefore, came under an exception to the Act; this plaintiff does not. Moreover, the Correction Board did not limit the effect of its correction, as it did in this case. Bather it provided that Darby’s promotions would be for all purposes and we interpreted that to mean “ ‘everything’, which includes pay.”
The plaintiff has not demonstrated that he is entitled to increased pay under any statute or decision. Consequently, the Correction Board cannot be said to have been arbitrary or capricious in declining to award any increased pay. Thus, *339 there are no grounds on which relief can be granted and the defendant’s motion to dismiss must be granted. The plaintiff’s motion for summary judgment is denied and the petition will be dismissed.
It is so ordered.
Labamobe, Judge; MaddeN, Judge; Whitakek, Judge, and Jones, Chief Judge, concur.

 65 Stat. 655, 656.