Dureee, Judge,
delivered the opinion of the court:
These are military pay cases wherein three plaintiffs seek the difference between disability retired pay now received (based only on their active service time), and disability retired pay claimed on the basis of their active duty pay at time of reretirement, which included their inactive time on the retired list between periods of active duty as well as their active duty time.
As plaintiffs stated in their brief, “the factual pattern of each of the cases is similar, differing only in immaterial aspects.” Two of the three plaintiffs were in the regular naval service and one in the Marine Corps from the early 1920’s until they were retired for disability in the 1930’s. Each remained on the retired list in an inactive status until recalled to active duty at the beginning of World War II. While serving on active duty, each received a series of temporary promotions under the Temporary Promotions Act of 1941, 55 Stat. 605. They were re-retired in 1945 and 1946 and at that time reverted to their permanent rallies on the retired list, and were subsequently advanced to their highest temporary rank pursuant to section 10 of the Temporary *490 Promotions Act of 1941, supra, and section 8 of the Act of February 21,1946, 60 Stat. 26, 28, amending section 10 of the Temporary Promotions Act of 1941, supra. Plaintiffs Gardner and Stratton were retired prior to this last amendment in 1946.
The Pay Readjustment Act of 1942, 56 Stat. 359, as amended, prescribed rates of pay for each rank and increases in such pay at the rate of five percent for each three years of creditable service. For active duty pay purposes, years of interim service on the retired list were creditable under the Act.
Plaintiffs allege that they have each received retired pay computed at the rate of 75 percent of the active duty pay prescribed for their highest rank with pay increases based only upon years of active duty, under the Pay Readjustment Act of 1942, 56 Stat. 359. Plaintiffs contend that their retirement pay should be computed on the basis of the monthly basic active duty pay that they were each actually receiving at the time they were last retired, which was computed with pay increases based upon a total of years of active duty plus interim years on the retired list on inactive status. The issue before us is whether plaintiffs are to be given longevity credit for this inactive time in computing their pay for retirement purposes.
While plaintiffs in their petition sought recovery under the Pay Readjustment Act of 1942, they now urge that they are entitled to receive retirement pay “under any provision of law in effect on the day preceding date of enactment,” as provided in the Career Compensation Act of 1949, section 519, 63 Stat. 834. Therefore, they assert that they are entitled to have their physical disability retirement pay computed as provided by Revised Statutes, Section 1588, 34 XJ.S.C. 991 (1946 ed.) which provided:
Except as otherwise provided by law, the pay of all officers of the Navy who have been retired on account of age or length of service, or on account of incapacity resulting from long and faithful service, from wounds or injuries received in the line of duty, or from sickness or exposure therein, shall, when not on active duty, be equal to 75 per centum of the pay provided by law for the *491 grade or rank winch, they held, respectively, at the time of their retirement; * * *
34 U.S.C. 626a (1946 ed.), provided in pertinent part as follows:
Commissioned officers of the Marine Corps shall be * * * retired * * * in like manner and with the same relative conditions in all respects as provided for commissioned officers of the line of the Navy, by existing law, or by laws hereafter enacted, * * *
Sec. 10 of the Act of July 24,1941, 55 Stat. 605, as amended by the Act of February 21, 1946, 60 Stat. 26, 28, provided in pertinent part as follows:
(b) (1) Personnel of the retired list returned to an inactive status with higher rank pursuant to subsection (a) shall receive retired pay computed at the rate prescribed by law and applicable in each individual case but based upon such higher rank.
Section 1588, supra, and the Act of July 24, 1941, supra, do not expressly limit computation of years of service to active service. As plaintiffs point out in their reply brief “R.S. § 1588 is not concerned with ‘inactive time’ ”. However, R.S. § 1588 is subject to a limitation, stated at its outset : “Except as otherwise provided by law.”
Section 15 of the Pay Readjustment Act of 1942, 56 Stat. 367, under which plaintiffs have elected to assert their claim, provides in part as follows:
Sec. 15. — On and after the effective date of this Act, retired officers * * * shall have their retired pay, retainer pay, or equivalent pay, computed as now authorized by law on the basis of pay provided in this Act, which pay shall include increases for dll active duty performed since retirement * * * in the computation of the longevity pay and pay periods: * * * (Emphasis supplied.)
In Carroll v. United States, 117 Ct. Cl. 53 (1948), the case involved an officer of the Regular Army who served on active duty prior to November 12, 1918. In holding that Carroll was entitled to count his inactive time in computing his retired pay, the court distinguished his case from that of *492 officers appointed after November 12, 1918. Tire court said at pages 60, 61:
It should be noted that this provision (paragraph 4, Sec. 15 of the Pay Eeadjustment Act of 1942) is limited to officers who serve in any capacity as a member of the military or naval forces of the United States prior to November 12, 1918. Other retired officers are governed by a previous paragraph of section 15 of the Pay Eead-justment Act, which provides that they ‘shall have their retired pay, retainer pay, or equivalent pay, computed as now authorized by law on the basis of pay provided in this Act, which pay shall include increases for all active duty performed since retirement * * * in the computation of their longevity pay and pay periods * * This very clearly limits the period for the computation of their longevity pay to the periods officers had actually served on active duty. This plaintiff has been paid on the basis of the time he served on active duty. Except for the fact that he comes within the provisions of the last paragraph of section 15, he would have been paid all that he is entitled to receive. (Emphasis added.)
Since the instant plaintiffs did not serve prior to November 12,1918, they came within the scope of paragraph 1 of section 15 of the Act of 1942, which, as the court said in Carroll, supra, “clearly limits the period for the computation of their longevity pay to the period officers had actually served on active duty.”
If we are to construe E.S. § 1588, supra, as plaintiff urges, it is clearly in conflict with paragraph 1 of section 15 of the Pay Eeadjustment Act of 1942, as construed in Carroll, supra. Furthermore, section 19 of the Pay Eeadjustment Act of 1942 provided that “all other laws and parts of laws which are inconsistent with the provisions of this Act are hereby repealed.” Even in the absence of this express provision and the limitation stated at the outset of E.S. § 1588, these statutes are in pari materia and should be read and construed together, particularly since plaintiffs elected to receive retirement pay as provided in the Pay Eeadjustment Act of 1942. Williams v. United States, 136 Ct. Cl. 582 (1956).
We therefore conclude that paragraph 1 of section 15 of the Pay Eeadjustment Act of 1942 must prevail over any *493 construction of R.S. § 1588 or section 10 of the Act of July 24, 1941, sufra, such as that urged by plaintiffs herein. Therefore, under the Act of 1942, supra, increases for plaintiffs’ interim periods of inactive duty on the retired list were properly excluded by the defendant in computing plaintiffs’ disability retirement pay. Plaintiffs cite Carter v. United States, 152 Ct. Cl. 334 (1961), to the effect that it is the firm position of this court that “retired pay is based on the active duty pay being received at the time of retirement.” Carter sued for increased retired pay because after his retirement as a lieutenant colonel, his records were corrected by the Army Board for Correction of Military Records and the Secretary of the Army to show promotion to colonel at time of final retirement, but without any monetary benefits of any kind as a result of this action. The court dismissed Carter’s petition because the action taken by the Secretary of the Army and the Board was not arbitrary or capricious. Plaintiffs’ quotation from this case, taken in its context, is not in point.
Plaintiffs’ motion for summary judgment is denied, and defendant’s cross-motion is granted in each case. Plaintiffs’ petitions will be dismissed.
It is so ordered.
Reed, Justice (Bet.) sitting by designation; Laeamoke, Judge; Whitaker, Judge; and JONES, Chief Judge, concur.