*566 This action for civilian back pay is before the court on defendant’s motion for summary judgment. Jurisdiction is invoked under 28 U.S.C. § 1491.
The undisputed facts are that plaintiff Roy L. Stuart, during the summer of 1971, was employed as a Manpower Development Specialist, GS-142-12, at the Department of Labor [Department]. By notice dated June 28, 1971, plaintiff was advised that he had been found qualified for a vacancy in the position of Contract Compliance Adviser, GS-301-13, and that he would be considered for that vacancy. A letter from the Office of Federal Contract Compliance, Employment Standards Administration, of the Department of Labor, signed by John L. Wilks, Director, dated August 23,1971, and addressed to plaintiff, stated in part as follows:
Congratulations on your selection as Contract Compliance Adviser, GS-13, Office of Federal Contract Compliance, Washington, D.C.
Our personnel office will contact your Agency for a release date.
On August 15, 1971, Executive Order No. 11,615 was issued, providing for stabilization of prices, rents, wages, and salaries. 36 Fed. Reg. 15,727 (1971). No final action was taken on the certificate issued for the vacancy in question, and the position was not filled.
Beginning February 25, 1972, and continuing through July 27, 1976, plaintiff attempted to initiate and pursue a formal grievance procedure pursuant to an agreement between the Department and the American Federation of Government Employees [AFGE]. Plaintiff was advised at every stage that his appeals were inappropriate or untimely. On July 13, 1977, plaintiff filed the instant suit.
Although plaintiff originally asserted in his peitition that he was "denied a grade level to which he was entitled,” as well as reduced in grade, with concomitant loss of wages due him at the higher level, plaintiff, in his brief, has denied that his claim is premised upon a reduction in grade from GS-13 to GS-12. Rather, plaintiff alleges "that.he was * * * selected, appointed and promoted in a permanent capacity, for which he has not been compensated” and contends that "he was in fact selected and promoted to the GS-13 position * * * [but] was never *567 physically placed in the position.” Plaintiff claims entitlement to compensation at the GS-13 level for the period subsequent to his alleged promotion and to reinstatement and correction of records. This contention narrows the issue to whether plaintiff was in fact promoted to the GS-13 position. In view of our disposition of this issue, there is no need to address the other issues raised by the parties.
Plaintiffs substantive claim is based on the Back Pay Act, 5 U.S.C. § 5596, as amended (1976), which provides a remedy for withdrawal or reduction of all or part of an employee’s pay. Peters v. United States, 208 Ct. Cl. 373, 377 n.5, 534 F.2d 232, 235 n.5 (1975). In order for plaintiff to show that his salary was withdrawn or reduced, or for plaintiff to be "restored” to the GS-13 position, he must show that he was duly appointed to the GS-13 position. United States v. Testan, 424 U.S. 392 (1976); Peters v. United States, supra. Without this showing, this court is without jurisdiction over plaintiffs claims for relief. United States v. Testan, supra.
Defendant essentially contests the claim that plaintiff was ever appointed or promoted to the GS-13 position. In support of this challenge, defendant offers the affidavit of Cecilia Bankins, Personnel Officer, Office of Personnel, Employment Training Administration of the Department of Labor, in which she states that "[a]ll personnel matters are considered preliminary and incomplete prior to authentication and execution of the SF [Standard Form] 50 by the certifying official vested with authenticating authority” and that plaintiffs Personnel Folder does not contain an SF 50 or SF 52[1] appointing plaintiff to a GS-13 Contract Compliance Adviser position in 1971.
Defendant also offers the affidavit of Everett P. Jennings, then Personnel Officer, Office of Personnel Management, Employment Standards Administration, Department of Labor, who states that the authenticating authority to effect final approval of all personnel actions vested in the *568 personnel officer’s office by delegation from the Secretary of Labor through the Assistant Secretary for Employment Standards; that that authority was not redelegated to the Director of the Office of Federal Contract Compliance; that final approval of a personnel action consists of authentication of the SF 52 and SF 50 forms by the personnel officer vested with appointing authority; that a letter of selection to a candidate chosen from a "List of Eligibles” does not constitute authentication, appointment approval, or promotion; and that a personnel action must be authenticated by the personnel officer vested with appointing authority to become effective.
In opposition, plaintiff offers five pieces of evidence in support of his claim that he was promoted:
(1) The notice of June 28, 1971, advising plaintiff that he had been found qualified for a vacancy in the position of Contract Compliance Adviser, GS-301-13, and that he would be considered for that vacancy;
(2) The congratulatory letter of August 23, 1971, from John L. Wilks, Director of the Office of Federal Contract Compliance;
(3) The affidavit of Maria E. Wagner, stating that, having similarly received a congratulatory letter from Director Wilks in 1971, but having failed to be "physically placed” in the higher grade position, affiant filed a grievance based on the contention that the letter from Wilks created an irrevocable commitment on the part of the Department to promote her, and that subsequently the Department agreed to "place” her in the higher grade position after negotiations with her Union Representative;
(4) The affidavit of Russell E. Binion, President of AFGE Local No. 12, stating that the "pattern and practice” of the Department during the relevant time period was to "appoint” an individual to a position prior to all paperwork being completed and that "[i]n all respects it was customary for employers to treat employees in new positions for whom paperwork had not been completed, in the same manner as employees in positions where the paperwork had been completed”; and
(5) The affidavit of Nelia A. Summers, Personnel Management Specialist within the Department during *569 the relevant time period, stating that plaintiff was selected for the position claimed and confirming the details of the Wagner affidavit, that "[t]he fact that Director Wilks sent the letter to Ms. Wagner meant that a commitment had been made by the Department of Labor, and that the Office of Personnel would have to honor the commitment.”
It seems clear that, whatever may have been the Department’s "pattern and practice” with regard to allowing employees to begin the work of higher grade positions without first having completed all the necessary paperwork, plaintiff does not offer any direct contradiction to the statement of defendant’s affiant regarding the authority for authenticating personnel actions. The long-established rule, reaffirmed by United States v. Testan, 424 U.S. at 402, is that one is not entitled to the benefits of a position until he has been duly appointed to it, and that "an appointment is not made until the last act required by the person or body vested with the appointment power is performed.” Goutos v. United States, supra note 1, 212 Ct. Cl. at 98, 552 F.2d at 925, and cases cited therein. Here the final act required was the personnel officer’s signing SF 52 and SF 50. Such requirement is not contested by plaintiff, nor is it disputed that these acts never took place; therefore, it follows that plaintiff was never appointed. Until the final act of authentication, the promotion or non-promotion of employees within an agency remains a matter of supervisory discretion not ordinarily subject to judicial review. Crowley v. United States, 208 Ct. Cl. 415, 431, 527 F.2d 1176, 1184 (1975); Umbeck v. United States, 149 Ct. Cl. 418, 429 (1960).
Plaintiff seeks to distinguish his case from other non-appointment cases on the ground that he has specifically alleged mistake on the part of the Department. Cf. Goutos v. United States, supra note 1, 212 Ct. Cl. at 98 n.3, 552 F.2d at 924 n.3. We take it that the mistake plaintiff refers to is the Department’s interpretation of Executive Order No. 11,615 (as prohibiting its filling the Contract Compliance Adviser position). Even assuming plaintiff is correct in saying that Executive Order No. 11,615 was no bar' to his promotion, we fail to see how this allegation helps plaintiffs position. As this court said in Hirsch v. United *570 States, 205 Ct. Cl. 256, 260, 499 F.2d 1248, 1250 (1974), "Even if the facts be held to constitute * * * a flat denial of a deserved promotion for reasons later found to be erroneous, no wrong has been done for which a remedy lies in the courts.”
We conclude that there is no issue of material fact on the question of whether plaintiff was duly appointed or promoted; accordingly, this court is without jurisdiction to hear any of plaintiffs claims based on the Back Pay Act. Sec Testan, 424 U.S. at 397-98.[2]
it is therefore ordered on the basis of the pleadings and briefs, but without oral argument, that defendant’s motion for summary judgment is granted and plaintiffs petition is dismissed.
Plaintiffs petition for certiorari denied, 444 U.S. 851 (1979).

 Compare this court’s language in Goutos v. United States, 212 Ct. Cl. 95, 98 n.1, 552 F.2d 922, 924 n.1 (1976): “Form 52 is a standard Civil Service Commission form used * * * throughout the Government. Its title, 'Request for Personnel Action,’ denotes the fact that until the form is signed by the proper authority signifying approval, the form remains merely a request for appointment, not an appointment itself. See Daggett v. United States, 207 Ct. Cl. 478, 482 (1975); D’Arco v. United States, 194 Ct. Cl. 811, 816, 441 F.2d 1173, 1175 (1971).”

 Plaintiff also grounds his claims on the Veterans’ Preference Act of 1944, ch. 287, 58 Stat. 387 (codified in scattered sections of 5 U.S.C.). However, we find nothing in that legislation that can be construed as a consent by Congress to be sued for the retroactive relief sought here. Cf. Hill v. United States, 571 F.2d 1098, 1101 n.5 (9th Cir. 1978).