**Arthur Frank MILLARD, Plaintiff,**

**v.**

**The UNITED STATES, Defendant.**

**No. 244–87C.**

United States Claims Court.

Dec. 18, 1987.

---

Arthur Frank Millard, pro se.

Stephen J. McHale, Dept. of Justice, Washington, D.C., for defendant.

## OPINION

ROBINSON, Judge.

This case involves a *pro se* claim by Arthur Frank Millard under the Tucker Act, as amended, 28 U.S.C. § 1491 and the U.S. Constitution for damages in the amount of $5,000 resulting from the "wrongful taking" of military pay and allowances, declaratory and injunctive relief against defendant, costs of suit, leave to apply for attorneys' fees and expenses and other and further relief. The case is before the Court for disposition on the defendant's Rule 12(b) motion to dismiss. The Court grants the motion to dismiss for the reasons which follow.

## Background

The defendant relies upon its motion to dismiss as its initial response to plaintiff's complaint. Thus, for the limited purpose of its motion, the defendant accepts as true the allegations of fact in the complaint.

Plaintiff alleges that on June 27, 1962, he was appointed a midshipman at the U.S. Naval Academy with a statutory right to state a preference, 10 U.S.C. § 541, 70A Stat. 19, for appointment as a commissioned officer in the U.S. Army, and to be accepted for that appointment with the consent of the Secretaries of the Navy and Army. However, in 1964, the Secretary of the Navy announced a policy pursuant to which no such transfer would be allowed "except to those who were either the son of a career-service member or had at least one year of active military duty in other than the naval service," and, as a result, plaintiff was not given a right to state a preference for service. Upon graduation he was appointed a commissioned officer in the U.S. Marine Corps (USMC). Plaintiff alleges that this denial of a right to state a preference and his subsequent appointment to the USMC rather than to the U.S. Army was arbitrary, capricious, and an abuse of discretion in violation of law.

Plaintiff served on active duty in the USMC from June 8, 1966, to August 24, 1970, in various grades, ultimately serving in permanent grade as first lieutenant from September 8, 1967, and in temporary grade of captain from July 1, 1969.

Plaintiff alleges that on August 24, 1970, he was transferred to the U.S. Army under 10 U.S.C. § 716 (1970) and thereafter served in various permanent and temporary grades, ultimately being retired in the grade of lieutenant colonel. Plaintiff's complaint is that he "lost precedence or rank" in temporary grades of captain, U.S. Army, from June 8, 1968, to July 1, 1969; of major, U.S. Army, from October 7, 1976, to February 4, 1978; and of lieutenant colonel, U.S. Army, from July 5, 1981, to De-cember 1, 1982, without his consent, all attributable to an error in establishing his dates of rank upon transfer to the U.S. Army. This error thus, in cumulative effect, caused loss of pay and allowances "in the total amount of approximately $5,000." In addition, plaintiff seeks to have his promotions backdated and his records corrected.

## Discussion

Defendant contends that the gravamen of plaintiff's complaint appears to be that the Army made an error in establishing his date of rank in the temporary rank of captain which caused him to lose "precedence or rank" with a resultant delay in his initial and subsequent promotions to higher grades and that this error entitles him to lost pay and allowances totalling approximately $5,000 as well as correction of his military records to reflect the proper dates of rank. Defendant argues that under *United States v. Testan*, 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976), this Court's jurisdiction pursuant to 28 U.S.C. § 1491 does not encompass an award of back pay as a result of a failure to promote. Further, defendant contends the plaintiff cannot state a claim for the pay of a particular rank prior to the effective date of his promotion to that rank. Additionally, the defendant notes that under 10 U.S.C. § 716(b)(1), the plaintiff could not have been transferred with a rank higher than that which he held on the day before his transfer, but that nothing in the statute precluded transfer with a lower precedence or rank. The Court presumes that the defendant concedes that the statute also does not preclude transfer with an equal precedence or rank.

Finally[1], the defendant argues that a promotion is not consummated unless and until the last act legally required is performed by the person vested with the appointment power, citing *Orloff v. Willoughby*, 345 U.S. 83, 73 S.Ct. 534, 97 L.Ed. 842 (1953); *Marbury v. Madison*, 5 U.S. (1

---

1. The defendant wishes to reserve its right to raise a defense of laches if the Court denies the plaintiff's motion to dismiss and it becomes apparent that it has been prejudiced by the plaintiff's delay in commencing this action, citing *Pepper v. United States*, 794 F.2d 1571 (Fed. Cir.1986) and *Deering v. United States*, 223 Ct.Cl. 342, 620 F.2d 242 (1980).

Cranch) 368, 384–86, 2 L.Ed. 60 (1803); *Stuart v. United States,* 219 Ct.Cl. 565, 569, 618 F.2d 119 (1969); *Goutos v. United States,* 212 Ct.Cl. 95, 98, 552 F.2d 922 (1976). Therefore, defendant argues, this Court must grant its motion and dismiss the complaint for lack of jurisdiction.

The plaintiff, in response, asserts that the defendant has misstated plaintiff's case. Plaintiff argues that his complaint is a claim for accrued seniority in a federal office rather than one involving a "delayed promotion" caused by "error." Plaintiff alleges that his claim compounded itself as he continued in his military career. Thus, plaintiff contends he is entitled to an adjustment of his date of rank in temporary grade which would recognize the seniority he had prior to transfer and an award of back pay to reflect the adjustment.

Plaintiff argues that *Testan* is factually distinguishable and is, therefore, inapplicable to his circumstances. Plaintiff reads *Testan* as limited to the failure of the Government to promote. In addition, plaintiff accuses the defendant of filing frivolous motions to dismiss and to suspend discovery. Plaintiff states that the defendant's motion appears "to have been filed for delay" and "to have been taken primarily for delay."

In reply, the defendant reaffirms its position regarding the application of *Testan* and states that the plaintiff has failed to show how the adjustment in plaintiff's date of rank in temporary grade, *if granted,* would create a claim for monetary relief against the United States. The defendant reasserts that absent such a showing the complaint must be dismissed.

This Court agrees with the defendant that *Testan* requires dismissal of the complaint. Plaintiff's attempt to distinguish *Testan* on its facts serves only to demonstrate plaintiff's failure to understand the jurisdiction of this Court. *Testan* reaffirmed the principle that the Tucker Act is only a jurisdictional statute which "does not create any substantive right enforceable against the United States for money damages." *Testan,* 424 U.S. at 398, 96 S.Ct. at 953. Thus, a claimant's right of action must be founded upon an express or implied contract with the United States or upon a specific grant in the Constitution, a federal statute, or regulation. As in *Testan,* plaintiff does not seek the return of money paid by him to the United States, nor does he claim upon any express or implied contract. Therefore, it is necessary to determine whether any federal statute " 'can fairly be interpreted as mandating compensation by the Federal Government for damages sustained.' " *Testan,* 424 U.S. at 400, 96 S.Ct. at 954, citing *Eastport S.S. Corp. v. United States,* 178 Ct.Cl. 599, 607, 372 F.2d 1002 (1967).

The mere violation of any statute or regulation relating to federal employment does not automatically create a cause of action against the United States for money damages. Plaintiff's mere allegation that defendant violated its own regulations is patently insufficient to vest this Court with jurisdiction. After a thorough review of 10 U.S.C. § 541 (1966) and 10 U.S.C. § 716 (1970), this Court has determined that neither section affords plaintiff the substantive right of compensation by the Federal Government for damages sustained.

Plaintiff's Constitutional claims fail as well. The defendant's failure to accord precedence to plaintiff is neither a denial of due process nor a taking under the Fifth Amendment which would vest jurisdiction in this Court. The due process clause of the Fifth Amendment does not in itself obligate the Federal Government to pay money damages. *Mack v. U.S.,* 225 Ct.Cl. 187, 635 F.2d 828 (1980), *cert. denied,* 451 U.S. 913, 101 S.Ct. 1988, 68 L.Ed.2d 304 (1981). In addition, the United States has taken nothing for its own use. *Connolly v. Pension Benefit Guaranty Corporation,* 475 U.S. 211, 106 S.Ct. 1018, 89 L.Ed.2d 166 (1986). The plaintiff simply has cited no authority to support his claim of a denial of a constitutionally granted right.

Plaintiff's action, which seeks recognition of seniority, then, is in essence one which seeks declaratory relief in the form of an adjustment to military records. It is

well established that the Claims Court does not have the authority to issue declaratory judgments. *See, Testan,* 424 U.S. at 398, 96 S.Ct. at 953. Thus, plaintiff has failed to state a claim upon which this Court can grant relief. For this reason, plaintiff's complaint must be dismissed.

The Court finds that *Darby v. United States,* 146 Ct.Cl. 211, 173 F.Supp. 619 (1959), though factually similar to the instant case, is clearly distinguishable. Darby resigned from the U.S. Navy to accept a commission in the U.S. Army. The Army failed to credit Darby for his commissioned Navy service. However, Darby made an application to the Army Board for the Correction of Military Records. The Board recommended to the Secretary of the Army that Darby's records be corrected to reflect his Navy service and to adjust accordingly his dates of rank for grades later held. The Secretary of the Army adopted the Board's recommendation, but the Comptroller General denied Darby's subsequent claim for the back pay and allowances he would have received had his promotions not been withheld. Darby brought suit in the Court of Claims. The Court of Claims found expressly that Darby's action was premised on 10 U.S.C. § 1522, which permitted the Department of Army to pay Darby's claim pursuant to the correction of his records by the Secretary of the Army. The plaintiff in this action cannot, unfortunately, base his claim upon 10 U.S.C. § 1552 since he has neither sought nor obtained an order by the Secretary of the Army comparable to that issued in *Darby.* Therefore, *Darby* is inapposite and offers no support for plaintiff's action in this Court.

■ Even if the statutes upon which plaintiff bases his claim could be fairly read to mandate compensation, the Court still finds on other grounds that plaintiff has failed to state a claim upon which relief can be granted. The Court presumes that plaintiff's claim for monetary damages is based upon the possibility that after transfer his temporary grade promotions were delayed by approximately the same period of delay that he experienced in obtaining appointment to the temporary grade of captain in the U.S. Army. However, an adjustment in the date of rank would not have the effect of adjusting the dates of plaintiff's promotions. Plaintiff fails completely to address a key legal point raised in defendant's motion to dismiss, which is notwithstanding an erroneous recognition of plaintiff's seniority, this Court has no jurisdiction to correct dates of promotion. It is well established that a promotion or commission is not consummated unless and until the last act legally required is performed by the person vested with the appointment power. *Orloff v. Willoughby, supra; Marbury v. Madison, supra.* Plaintiff cannot show that he was entitled to the pay of the higher ranks before the effective dates of his promotion to those higher ranks, despite any initial delay in his temporary rank of Captain upon interservice transfer to the U.S. Army.

Furthermore, plaintiff has not alleged that such promotion delays were caused solely by the initial error made by the U.S. Army in assigning precedence to him. In fact, it is clear that the promotions accorded the plaintiff and the dates of those promotions are uniquely dependent upon the exercise of discretion by officials in the U.S. Army. This Court cannot on its own substitute its discretion for the discretion of the promoting officers. *Testan, supra.* The Claims Court is not empowered to create an entitlement to a promotion any earlier than the actual date of promotion, and this is exactly what plaintiff asks the Court to do by adjusting his date of temporary rank to an earlier date for that rank.

If the Court were to deny the defendant's motion to dismiss, the plaintiff would still have to overcome the defense of laches. Although the defendant has not, as yet, interposed laches as a specific defense in this case, it has reserved the right to do so. The Court, however, on the basis of the record presented to date, believes the defense of laches is facially valid and may have merit, considering plaintiff's delay in bringing this action. *Pepper v. United States, supra; Deering v. United States, supra.*

## Conclusion

For the foregoing reasons, the Court finds that the defendant's motion to dismiss should be granted and the complaint dismissed. Accordingly, the Clerk of the Court is directed to dismiss the complaint. No costs.

IT IS SO ORDERED.