John C. CARR, Plaintiff–Appellant,

v.

The UNITED STATES, Defendant–Appellee.

No. 88–1472.

United States Court of Appeals, Federal Circuit.

Jan. 5, 1989.

John C. Carr, Millendon, Western Australia, submitted Pro Se.

Stephen J. McHale, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., submitted for defendant-appellee. With him on the brief were John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director and Robert A. Reutershan, Asst. Director.

Before BISSELL and MAYER, Circuit Judges, and BALDWIN, Senior Circuit Judge.

BISSELL, Circuit Judge.

John C. Carr appeals the judgment of the United States Claims Court, *see Carr v. United States*, 15 Cl.Ct. 82 (1988), dismissing his complaint. Carr's complaint sought review of the decision of the Nuclear Regulatory Commission (NRC) removing him from his position because of national security interests under 5 U.S.C. § 7532 (1982). In granting the government's motion for summary judgment, the Claims Court (1) held that it could exercise jurisdiction over Carr's complaint, and (2) sustained Carr's suspension and removal because Carr occupied a sensitive position with the NRC and received all the process due him under section 7532. We vacate and remand with instructions to dismiss the complaint for lack of jurisdiction.

## BACKGROUND

The material facts are not in dispute and are fully set forth in the opinion of the Claims Court. *Carr*, 15 Cl.Ct. 82. Familiarity with that opinion is presumed.

From September 1979 until his suspension on January 28, 1983, Carr held the position of Chief, Freedom of Information and Privacy Acts Branch of the NRC's Division of Rules and Records. On January 27, 1983, Carr was indicted on charges of interstate transportation in aid of racketeering in violation of 18 U.S.C. § 1952 (1982). The NRC, pursuant to section 7532,* immediately suspended Carr from his position without pay. Although Carr was acquitted of the criminal charges, he was not reinstated. Instead, the agency issued a proposed removal letter. Carr requested and was granted a hearing on the charges before an administrative law judge (ALJ). On February 15, 1984, the ALJ issued a decision recommending that Carr be removed from his position. On May 7, 1984, the NRC notified Carr that he would be removed from his position effective May 11, 1984.

In June 1984, pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1) (1982), Carr filed a complaint in the Claims Court seeking

---

* The statute provides in pertinent part:
  (a) ... [T]he head of an agency may suspend without pay an employee of his agency when he considers that action necessary in the interests of national security....
  (b) ... [T]he head of an agency may remove an employee suspended under subsection (a) of this section when, after such investigation and review as he considers necessary, he determines that removal is necessary or advisable in the interests of national security. *The determination of the head of the agency is final.*
  (c) An employee suspended under subsection (a) of this section ... is entitled, after suspension and before removal, to—

(A) a written statement of the charges against him ...;
(B) an opportunity ... to answer the charges and submit affidavits;
(C) a hearing, at the request of the employee, by an agency authority duly constituted for this purpose;
(D) a review of his case by the head of the agency or his designee, before a decision adverse to the employee is made final; and
(E) a written statement of the decision of the head of the agency.
5 U.S.C. § 7532 (emphasis added).

back pay resulting from his allegedly wrongful suspension and subsequent discharge. Carr moved for a judgment on the pleadings and the government moved for summary judgment. In its motion, the government asserted that the Civil Service Reform Act of 1978 (CSRA), Pub.L. No. 95–454, 92 Stat. 1111 *et. seq.* (codified, as amended, in various sections of 5 U.S.C. (1982 and Supp. IV 1986)), precludes the Claims Court from asserting jurisdiction over an action challenging a suspension and a removal in the interest of national security pursuant to section 7532. In the alternative, the government contended that the NRC's decision to suspend and remove Carr was proper.

The Claims Court denied Carr's motion for judgment on the pleadings and granted the government's motion for summary judgment. *Carr,* 15 Cl.Ct. at 94. The court held that (1) it could exercise jurisdiction over Carr's complaint, (2) its review of his suspension and removal was limited solely to determining if Carr had occupied a sensitive position with the NRC and if he had received all of the process due him under section 7532, and (3) in this case no basis existed within the Claims Court's limited review power on which to reverse Carr's suspension or discharge. *Id.* Carr appeals the grant of the government's motion for summary judgment. The government asserts in its brief that the Claims Court erred in failing to dismiss the complaint for lack of jurisdiction, because the CSRA does not provide for Claims Court review of adverse personnel actions taken under section 7532. We address only the dispositive jurisdictional issue.

## OPINION

The Claims Court is granted jurisdiction by the Tucker Act to hear certain claims against the government for money damages. 28 U.S.C. § 1491(a)(1). The Tucker Act confers no substantive right of recovery. Such a right must be grounded in a contract, a statute, or a regulation. *United States v. Connolly,* 716 F.2d 882, 885 (Fed.Cir.1983), *cert. denied,* 465 U.S. 1065, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984). The

Claims Court held that "neither the passage of the CSRA nor the Supreme Court's decision[ ] in [*United States v. Fausto,* 484 U.S. 439, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988),] ... preclude[d] judicial review in this case," *id.* at 91, and that "Carr's substantive right to sue arises from the Back Pay Act [, 5 U.S.C. § 5596 (1982),] and the right to maintenance of a salary created by certain pay and organizational statutes relevant to the NRC." *Carr,* 15 Cl.Ct. at 86 (footnote omitted).

There is no dispute that prior to the CSRA's enactment an employee in Carr's situation could have maintained a suit in the Court of Claims. *Leiner v. United States,* 181 F.Supp. 400, 143 Ct.Cl. 806 (1958); *Karpoff v. United States,* 142 Ct.Cl. 93 (1958). Thus, the Claims Court properly stated the issue before it as "whether, in view of the court's otherwise-inherited jurisdiction over civilian pay claims, the CSRA, as construed in *Fausto* precludes review in the case of a preference-eligible employee in the excepted service who is discharged pursuant to section 7532." *Carr,* 15 Cl.Ct. at 87 (footnote omitted). The Claims Court concluded that it does not, *id.,* and thus erred.

The Back Pay Act provides in pertinent part:

An employee of an agency who, on the basis of a timely appeal or an administrative determination ... is found *by appropriate authority under applicable law,* rule, regulation, or collective bargaining agreement, to have been affected by an unjustified or unwarranted personnel action [is entitled to back pay].

5 U.S.C. § 5596(b)(1) (emphasis added). *Fausto* held that the CSRA "repealed" the Back Pay Act's implication that allowed review in any court relying on Tucker Act jurisdiction of the underlying personnel decision giving rise to the claim for back pay. 108 S.Ct. at 676. The Court found

that under the comprehensive and integrated review scheme of the CSRA, the Claims Court (and any other authority relying on Tucker Act jurisdiction) is not an "appropriate authority" to review an agency's personnel determination....

Now, as previously, if an employee is found by an "appropriate authority" to have undergone an unwarranted personnel action a suit for backpay will lie. Post–CSRA, such an authority will include the agency itself, or the MSPB or the Federal Circuit where those entities have the authority to review the agency's determination.

*Id.* at 676–77.

Carr requested that the Claims Court determine that he had a valid claim against the government for back pay as a result of wrongful suspension and dismissal and, based upon that determination, order his reinstatement with full benefits. Because the Claims Court, post-*Fausto,* is not an *appropriate authority* to determine whether the NRC suspension and dismissal was warranted, and Carr's complaint would require such a determination by the Claims Court prior to any award of back pay, the Claims Court lacked jurisdiction to entertain the action.

### COSTS

Each party to bear its own costs.

**VACATED AND REMANDED.**