**Kenneth A. WARD, Plaintiff**

v.

**The UNITED STATES, Defendant.**

**No. 97–87C.**

United States Claims Court.

Aug. 26, 1992.

Guy J. Ferrante, Falls Church, Va., for plaintiff.

James M. Kinsella, Commercial Litigation Branch, Civ. Div., Dept. of Justice, Washington, D.C., with whom were Stuart M. Gerson, Asst. Atty. Gen., and David M. Cohen, Director, attorneys of record for the defendant. Maj. William S. Colwell, Office of the Judge Advocate General, U.S. Air Force, of counsel.

## OPINION

HORN, Judge.

This case is before the court on defendant's motion to dismiss for lack of subject matter jurisdiction, pursuant to rule 12(b)(1) of the rules of the United States Claims Court (RUSCC). Attempting to invoke the Tucker Act jurisdiction of the court, 28 U.S.C. § 1491 (1988), the plaintiff challenges his decertification as an Aerospace Education Instructor, and asks this court to issue an order directing the correction of his military records and the removal of any references to his decertification, so that he may continue to be eligible for such service in the future. In support of this relief, plaintiff asserts that his decertification was effected erroneously, on the basis of illegal information, and in violation of applicable Air Force regulations. Plaintiff also alleges that because of his decertification, he was removed from his position as an Aerospace Education Instructor at the Kaiserslautern American High School. Plaintiff, therefore, requests, in addition to adjustment of his record, a judgment against the defendant in the amount of back pay that plaintiff would have earned between August 9, 1982, the date of his removal from employment, to the date of judgment.

After careful consideration of the briefs filed by the parties, the oral argument held on defendant's motion to dismiss, and for

the reasons discussed below, defendant's motion to dismiss is, hereby, GRANTED.

## BACKGROUND

On February 1, 1975, the plaintiff, Kenneth Ward retired from the United States Air Force as a Lieutenant Colonel, after twenty-two (22) years of active duty service. In November 1977, plaintiff requested and was certified as an Aerospace Education Instructor, pursuant to 10 U.S.C. § 2031(d).[1] Shortly thereafter, he was hired by the Warren Western Reserve High School in Warren, Ohio to direct its Air Force Junior Reserve Officer Training Corps program. In August of 1978, plaintiff was hired by the Kaiserslautern American High School, in Kaiserslautern, Germany, a facility maintained and operated by the Department of Defense Dependent Schools (DODDS). Plaintiff's Standard Form (SF) 50 appointment papers for this position reflect his excepted service appointee status as a retired Air Force officer, not subject to the dual pay provisions of 5 U.S.C. § 5533, and that his appointment was effected pursuant to 5 C.F.R. 213.-3106(b)(1) (1981).

On May 24, 1982, plaintiff was decertified by the Commandant of the Air Force Reserve Officer Training Corps. The factual basis for this action is more fully set forth in a memorandum dated August 18, 1982, signed by Brigadier General Chris O. Divich, Commandant, United States Air Force Reserve Officers' Training Corps. Prior to his decertification, plaintiff had been placed in conditional certification status, based on his inability to work with his supervisors. Subsequently, the Deputy Principal of the Kaiserlautern American High School had submitted a special evaluation report on Ward's performance, which he had found to be unsatisfactory. Ward appealed this evaluation, but lost his appeal. Because plaintiff's performance had not improved, a Special Inquiry Officer was appointed, who found the following:

a. A lack of cooperation by Lt Col Ward with school officials.

b. Lt Col Ward's inability to adapt to his role and the role of AFJROTC as an academic program in the school.

c. Lt Col Ward's unwillingness to eliminate his friction with school administrators.

d. The creation of confusion among students, parents and school administrators regarding the AFJROTC program.

e. Lt Col Ward's failure to adhere to established lines of authority.

The hearing officer recommended that immediate action be taken to decertify the plaintiff as an AFJROTC Instructor. Thereupon, the Area Commandant recommended that plaintiff be decertified, and Lt Col Ward was notified of his impending decertification. Plaintiff presented a rebuttal to General Divich at a meeting on April 15, 1982. The record indicates that General Divich was also supplied additional information that plaintiff had been involved in an incident with German police authorities in which, during a domestic disturbance, plaintiff had allegedly destroyed private property and threatened to kill his wife. In addition, plaintiff was involved in two traffic accidents, and was charged and fined by the German authorities for negligently causing bodily injury during one of those accidents. After reviewing all the evidence, on May 24, 1982, General Divich concluded that it would be "in the best interest of the cadets, the school and the Air Force to decertify Lt Col Ward as an AFJROTC instructor."

Because certification was a necessary prerequisite to holding his position at the school in Kaiserslautern, plaintiff was re-

---

1. § 2031. Junior Reserve Officers' Training Corps

(d) ... the Secretary of the military department concerned may authorize qualified institutions to employ, as administrators and instructors in the program, retired officers, and non-commissioned officers, and members of the Fleet Reserve and Fleet Marine Corps Reserve, whose qualifications are approved by the Secretary and the institution concerned and who request such employment, subject to the following:

\* \* \* \* \* \*

(2) Notwithstanding any other provision of law, such a retired member is not, while so employed, considered to be on active duty or inactive duty training for any purpose.

10 U.S.C. § 2031(d) (1988).

moved from that position by the Department of Defense Dependent Schools by letter dated August 2, 1982, effective August 9, 1982. The removal notification letter received by plaintiff Lt Col Ward explicitly set forth the two avenues of appeal available from this termination decision:

This decision is subject to review as a grievance under the negotiated grievance procedure contained in Article 13., of the Overseas Education Association/DoDDS negotiated Agreement or as an appeal to the Merit System Protection Board (MSPB), but not both. To have this action reviewed by one of these procedures you must either:

1) Initiate a grievance, in writing, within 10 calendar days of your receipt of this decision, to Dr. Frederick J. Killian, under the Step One procedures contained in Article 13., of the aforementioned negotiated Agreement. A copy of this agreement, should you not have a personal copy, is attached. Or,

2) Submit, in writing, by certified mail, an appeal directly to the Washington Field Office, Merit Systems Protection Board, 1120 Vermont Avenue, N.W., Washington, D.C. 20419. The date of filing shall be determined by the date of mailing indicated on the certified mail. You may submit your appeal at anytime during the period beginning the day after the effective date of the action being appealed, but not later than 20 days after the effective date. Under this procedure, you are entitled to designate an attorney or other representative of your choice to assist you. A copy of the MSPB regulations and an appeal form are provided for your use.

Plaintiff unsuccessfully challenged his removal through the grievance procedure. In its opinion of February 19, 1984, the Federal Mediation and Conciliation Service denied plaintiff's grievance on the merits.[2] In addition, in reliance on 10 U.S.C. § 1552 (1988), plaintiff sought and was denied administrative relief upon his decertification to the Air Force Board for Correction of Military Records. The Air Force Board for Correction of Military Records found that plaintiff had not demonstrated the existence of a probable material error or injustice. The Board further found that Lt Col Ward "was equitably treated by the School Officers and the Commander AFROTC." Lt Col Ward's application was, therefore, denied. Plaintiff subsequently filed a complaint before this court seeking correction of his records and removal of any reference to his decertification, in addition to an unspecified amount of back pay.

## DISCUSSION

The United States Supreme Court has clearly articulated, and the United States Court of Appeals for the Federal Circuit has explicitly adopted, the standard for evaluating evidence presented in a complaint when deciding a motion to dismiss, as follows: In passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, each of the well plead allegations of the complaint should be construed favorably to the pleader. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Gould Inc. v. United States*, 935 F.2d 1271, 1274 (Fed.Cir.1991); *Atlas Corp. v. United States*, 895 F.2d 745, 749 (Fed.Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 46, 112 L.Ed.2d 22 (1990). Certainly, "unchallenged allegations of the complaint should be construed favorably to the pleader." *Hamlet v. United States*, 873 F.2d 1414, 1416 (Fed.Cir.1989). In the instant case, there is no dispute as to the facts. The issue is whether or not this court has jurisdiction to entertain plaintiff's claim.

The burden of asserting facts necessary to establish the jurisdiction of this court, and, if those jurisdictional assertions as alleged are challenged, to support the allegations with competent proof, lies with the plaintiff. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56

---

**2.** Plaintiff, in paragraph 9 of the complaint, erroneously describes the February 19, 1984 decision as denying relief because the matter was "not grievable and not properly subject to arbitration."

S.Ct. 780, 785, 80 L.Ed. 1135 (1936). In the instant case, plaintiff has failed to meet these burdens.

Defendant maintains that this court lacks subject matter jurisdiction to hear plaintiff's claim. Congress has defined the jurisdiction of the Claims Court under the Tucker Act, 28 U.S.C. § 1491 (1988), to include those claims "founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Act "is itself only a jurisdictional statute; it does not create a substantive right enforceable against the United States for money damages." *United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976); *Eastport S.S. Corp. v. United States,* 178 Ct.Cl. 599, 372 F.2d 1002 (1967). A plaintiff must look beyond the Tucker Act and plead a money mandating predicate upon which to complete jurisdiction. *Ashgar v. United States,* 23 Cl.Ct. 226, 230–31 (1991); *Westech Corp. v. United States,* 20 Cl.Ct. 745, 748 (1990); *Millard v. United States,* 14 Cl.Ct. 55, 58 (1987).

Plaintiff advances several arguments in support of his position that the necessary statutory predicate to complete Tucker Act jurisdiction is present in this case. Plaintiff cites to 10 U.S.C. §§ 1552, 2031(d)(1), and *Gant v. United States,* 18 Cl.Ct. 442, 448 (1989), *rev'd,* 918 F.2d 168 (Fed.Cir. 1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1013, 112 L.Ed.2d 1095 (1991), for the proposition that this court has jurisdiction to review the actions of military correction boards. Plaintiff's reliance as the basis for relief on 10 U.S.C. §§ 1552, 2031(d)(1), and *Gant,* a case that has been reversed by the United States Court of Appeals for the Federal Circuit, is misplaced.

Defendant correctly points out that at the time of his appointment, plaintiff no longer served on active duty in the United States Air Force; he had previously retired from active service. Moreover, the allegations in the instant case are not that plaintiff is being denied statutorily protected retirement pay benefits. Plaintiff Ward's SF 50 Form specifically cites to 5 C.F.R. § 213.3106(b)(1) (1981), a civilian appointment authority, as the legal authority for his appointment. Moreover, 10 U.S.C. § 2031(d), which gave the Kaiserslautern High School authority to hire him, specifically points out that a retired member of a service branch who is hired under that authority is not considered to have changed his/her civilian status by virtue of the employment. Thus, plaintiff was an appointee in the civilian excepted service, and can only seek relief as a civilian. As a result, he is subject to the statutory mandates of the Civil Service Reform Act of 1978, Pub.L. No. 95–454, 92 Stat. 1111 (codified, as amended, in scattered sections of 5 U.S.C. (1988)) (CSRA).

Chapter 75 of the CSRA explicitly confers jurisdiction on the Merit System Protection Board (MSPB) for an action contesting the removal of a civilian employee. 5 U.S.C. § 7511–7514 (1988). As defined in § 7511(a)(1)(B), Lt Col Ward qualified as an employee who was "preference eligible in an Executive agency in the excepted service." Although his prior military service, from which he was retired, gave him his preference for hiring, it did not change his status as a civilian employee. 5 U.S.C. § 7512 describes the categories of civilian employee removal actions covered by the Act. 5 U.S.C. § 7513(d) provides that an employee against whom an action is taken under this section is entitled to appeal to the MSPB. And, 5 U.S.C. § 7703 provides for appeal from the MSPB directly to the United States Court of Appeals for the Federal Circuit:

(b)(1) Except as provided in paragraph (2) of this subsection, a petition to review a final order or final decision of the Board shall be filed in the United States Court of Appeals for the Federal Circuit. Notwithstanding any other provision of law, any petition for review must be filed within 30 days after the date the petitioner received notice of the final order or decision of the Board.

5 U.S.C. § 7703(b)(1).

The United States Supreme Court has made it clear that the CSRA sets forth the

exclusive avenue for civil servants affected by adverse personnel actions. *United States v. Fausto*, 484 U.S. 439, 455, 108 S.Ct. 668, 677, 98 L.Ed.2d 830, *reh'g denied*, 485 U.S. 972, 108 S.Ct. 1250, 99 L.Ed.2d 448 (1988). In *Fausto*, the Supreme Court wrote:

> ... under the comprehensive and integrated review scheme of the CSRA, the Claims Court (and any other court relying on Tucker Act jurisdiction) is not an 'appropriate authority' to review an agency's personnel determination.... Now, as previously, if an employee is found by 'an appropriate authority' to have undergone an unwarranted personnel action a suit for backpay will lie. Post–CSRA, such an authority would include the agency itself, or the MSPB or the Federal Circuit where those entitles have the authority to review the agency's determination.

*Id.* at 454, 108 S.Ct. at 677.

The United States Court of Appeals for the Federal Circuit has adopted this rule, holding that "the CSRA's 'integrated scheme of administrative and judicial review' barred review by the Claims Court of personnel decisions giving rise to claims for back pay." *Carter v. Gibbs*, 909 F.2d 1452, 1456 (Fed.Cir.), *cert. denied sub nom, Carter v. Goldberg*, — U.S. —, 111 S.Ct. 46, 112 L.Ed.2d 22 (1990), (quoting *United States v. Fausto*, 484 U.S. 439, 451, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988)). Likewise, the United States Court of Appeals for the Federal Circuit has found that the United States Claims Court is not an appropriate authority to determine whether a civilian employee suspension and dismissal was proper. *Carr v. United States*, 864 F.2d 144, 147 (Fed.Cir.1989).

In light of *Fausto* and the cases that have followed the *Fausto* position, this court must consistently decline to extend its jurisdiction to cases such as the one at bar. As stated in a recent case in the United States Claims Court, "... the CSRA envisions appeals of adverse personnel decisions through the MSPB to the CAFC or, in discrimination cases, to the district court." *Mobin v. United States*, 22 Cl.Ct. 331, 335 (1991).

Stated in slightly different terms, the United States Court of Appeals for the Federal Circuit has written:

> [w]here an employee is provided a means of redress under CSRA, that is, an appeal to the Board, the employee does not have an independent cause of action in the Claims Court.... Since plaintiff could have taken his claim to the Board, he did not have a right of action on that same claim in the Claims Court and that court properly held that it lacked jurisdiction.

*McClary v. United States*, 775 F.2d 280, 282 (Fed.Cir.1985).

Plaintiff Ward, because he could have brought an action for his termination before the MSPB, is, therefore, precluded from filing before this court. The fact that he elected to first try the alternative grievance procedure, rather than an appeal to the MSPB, certainly does not confer any authority on the United States Claims Court to hear his case. More bluntly stated: "this Court is out of the civilian pay adverse action judicial review business." *Ashgar v. United States*, 23 Cl.Ct. at 232. In *Ashgar*, the court clarified that jurisdiction does not lie in the Claims Court for adverse personnel actions under the CSRA or the Foreign Service Act of 1980.

The remaining three arguments advanced by plaintiff are no more convincing. First, plaintiff asserts in his opposition to defendant's motion to dismiss that the Claims Court has jurisdiction over plaintiff's claim because he did not have the ability to appeal his dismissal to the MSPB. Given the facts as presented in the record, however, the plaintiff opted to try the grievance procedure and then to try to come to this court, rather than appeal to the MSPB. In fact, plaintiff Ward was specifically apprised of his right to appeal to the MSPB in his removal notification letter. But whether or not plaintiff could have appealed to the MSPB is simply not dispositive of this issue. The jurisdiction of this court has been circumscribed by the United States Supreme Court in *Fausto*

without regard to whether an alternative appeal is available. *United States v. Fausto*, 484 U.S. at 454–55, 108 S.Ct. at 677.

Similarly, plaintiff's claim that the grievance procedure before the arbitration panel was a nullity is of no legal effect with respect to the jurisdiction of this court. And, finally, Lt Col Ward baldly, and without support, asserts that dismissal would result in injustice and "absurd consequence." As discussed above, this court, supported by the weight of binding authority in the United States Court of Appeals for the Federal Circuit and in the United States Supreme Court, disagrees with plaintiff's contentions. The United States Claims Court is simply not the appropriate forum for the relief sought by plaintiff Ward.

## CONCLUSION

After a careful review of all the submissions and arguments presented by both parties, the court, hereby, GRANTS the defendant's motion to dismiss. The Clerk of the court is directed to enter a judgment dismissing plaintiff's complaint, in accordance with this decision.

IT IS SO ORDERED.