Bobby Lee **WILLIAMS**, Appellant,

v.

**Ralph ORISCELLO**, Sheriff of Union County, New Jersey, and Carl Ash, Prosecutor for Union County, New Jersey.

**No. 18876.**

United States Court of Appeals, Third Circuit.

Argued Feb. 16, 1971.

Decided May 12, 1971.

Freedman, Circuit Judge, participated in consideration of the case, but died before any disposition was made.

William J. Bender, East Orange, N. J. (Carl Broege, John Warren, William Kunstler, New York City, George Mutnick, Plainfield, N. J., on the brief), for appellant.

Michael J. Mitzner, Asst. Prosecutor, Elizabeth, N. J. (Arthur J. Timins, Asst. Prosecutor, on the brief), for appellee.

Before FREEDMAN,* SEITZ, and ROSENN, Circuit Judges.

* Judge Freedman participated in the consideration of this case, but died before any disposition was made.

OPINION OF THE COURT

PER CURIAM:

This is an appeal from the denial of a petition for a writ of habeas corpus. On July 16, 1967, a racial disturbance broke out in Plainfield, New Jersey, in the course of which appellant, Bobby Lee Williams, was severely wounded and a police officer was killed. On December 18, 1967, Williams was indicted by the grand jury of Union County for assault with intent to kill and for assault and battery on a police officer. The indictment was immediately sealed at the request of the State. At the same time, however, indictments charging 12 other defendants with the murder of the police officer were left unsealed. When the indictment against him was finally unsealed by court order 11 months later, Williams pleaded not guilty to the charges and was released on bail.

After an additional nine-month delay, Williams moved in the trial court for the dismissal of the indictment on the ground that its unexplained sealing had resulted in the denial of his Sixth Amendment right to a speedy trial. The trial court, after an evidentiary hearing, found no proof that the delay was prejudicial and denied the motion to dismiss. Thereafter, the Appellate Division of the Superior Court denied leave to take an interlocutory appeal, and the case was finally set for trial on April 28, 1970.

No further relief was sought in the state courts but, one day before his trial was scheduled to begin, Williams filed in the district court the present petition for a writ of habeas corpus[1] and also sought an interim stay of the prosecution pursuant to 28 U.S.C. § 2251. The district court denied all relief without prejudice to Williams' right to file a new petition after going to trial and exhausting all his state remedies. Williams appealed and, after an emergency hearing, a panel of this Court granted a certificate of probable cause but denied appellant's motion for a stay of the state prosecution pending disposition of this appeal. As a result, Williams was tried in the state court and, on May 6, 1970, was convicted of the lesser included offense of assault with a dangerous weapon.

Williams' direct appeal to the Appellate Division is now pending, and his counsel acknowledged at oral argument in this case that the alleged denial of a speedy trial is one of several points raised in the state appeal. Under these circumstances, we find that Williams has not exhausted his state remedies.[2]

Williams claims that he has in fact already exhausted his state remedies by attempting to appeal the trial court's refusal to dismiss the indictment and, in reliance on Brown v. Allen, 344 U.S. 443, 448–449 n. 3, 73 S.Ct. 397, 403, 97 L.Ed. 469 (1953), he maintains that the exhaustion doctrine was not "intended to require repetitious applications to state courts." It is true that, once a petitioner has presented his claim to the highest state court on direct appeal from his conviction, he need not also seek collateral state relief on the same issues. Nevertheless, the Supreme Court made it clear in Brown that federal habeas corpus may not be used in lieu of an appeal itself, since this would "subvert the entire system of state criminal justice" and would permit the use of habeas corpus "as a matter of procedural routine to review state criminal rulings." Id. at 485–487, 73 S.Ct. at 422. We do not, therefore, consider the pending direct appeal a "repetitious application." The state appellate courts have not previously ruled on the merits of Williams'

---

1. Williams was on bail awaiting trial at the time he filed his petition. In view of our ultimate disposition of this appeal, we will assume without deciding that he was sufficiently "in custody" for purposes of habeas corpus jurisdiction under 28 U.S.C. § 2241(c) (3).

2. Under 28 U.S.C. § 2254(b), the exhaustion of state remedies is required whenever the petitioner is in state custody "pursuant to the judgment of a State court. * * *" Williams does not challenge the applicability of this section.

speedy trial claim. Because the doctrine of exhaustion of state remedies is one of comity,[3] we should not now anticipate the courts of New Jersey on a question which they have equal competence to decide.

Williams' petition for a writ of habeas corpus was denied by the district court without prejudice, and our affirmance of the order will likewise not bar any right to seek federal relief after the exhaustion of Williams' state remedies.

The order of the district court denying without prejudice the petition for a writ of habeas corpus will be affirmed.

3. Darr v. Burford, 339 U.S. 200, 204–210, 70 S.Ct. 587, 94 L.Ed. 761 (1950); *see* Fay v. Noia, 372 U.S. 391, 415–420, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Ex parte Royall, 117 U.S. 241, 250–254, 6 S.Ct. 734, 29 L.Ed. 868 (1886).

