John S. LATIMER, Petitioner,

v.

DEPARTMENT OF the AIR FORCE and United States Merit Systems Protection Board, Respondents.

No. 80–2066.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 24, 1981.

Decided Aug. 28, 1981.

James R. Sandifar, Bunch, O'Sullivan, Sandifar & Hill, Kansas City, Mo., for petitioner.

J. Whitfield Moody, U. S. Atty., Mark J. Zimmermann, Asst. U. S. Atty., Kansas City, Mo., for respondents-appellees.

Before ROSS, Circuit Judge, GIBSON, Senior Circuit Judge, and STEPHENSON, Circuit Judge.

PER CURIAM.

John S. Latimer petitions this court for review of the Merit Systems Protection Board's (MSPB) decision holding that petitioner's administrative appeal was not within its appellate jurisdiction. We affirm.

Latimer, a veteran, is a civilian employee of the Air Force serving in an air reserve technician position of aircraft mechanic assigned to the 442nd Tactical Airlift Wing at Richards-Gebaur Air Force Base, Missouri.

On October 29, 1979, Latimer and two other employees were placed on a register for the position of Aircraft Mechanic Foreman, WS–8852–9. Latimer was qualified for the position in all respects except he had an E–4 reserve pay grade and the foreman's position required a grade of E–7. Despite this defect, on November 9, 1979, petitioner was selected for the position by John H. Ruehter, Chief of the Organizational Maintenance Branch. Ruehter informed him that a grade waiver would have to be obtained in order for Latimer to be promoted. Beginning November 13, 1979, petitioner assumed the duties and responsibilities of the foreman's position but was told his pay raise was not to be effective until November 18, 1979.

In the meantime another civil employee, George Merryfield, filed an informal grievance complaining that his name was not listed on the promotion certificate. A review revealed that his name was erroneously left off the certificate. Because petitioner's pay grade waiver had not yet been granted, the original certificate was cancelled and a new one issued including the name of Mr. Merryfield. On November 29, 1979, Ruehter selected Merryfield for the position of foreman and instructed petitioner to return to his former duties.

Latimer decided not to file a grievance, but instead to appeal respondent's actions to the MSPB. A civilian employee of the federal government who is a union member may elect to challenge an adverse action through the union grievance procedures (5 U.S.C. § 7121) or by an administrative appeal to the MSPB (5 U.S.C. §§ 7512, 7513 and 7701). In the grievance procedure the award of the arbitrator may be judicially reviewed. 5 U.S.C. §§ 7121(f), 7703. The decision of the MSPB is also judicially reviewable under section 7703.

The initial decision of the MSPB was issued on January 18, 1980, by its Presiding Official and states in pertinent part:

The evidence of record does not indicate that a waiver was granted for petitioner. Obviously, petitioner knew that he had not been promoted to the WS–8852–9 position, since he had been advised that a waiver was required before the promotion action could be effected and a waiver had not been received. The mere fact that petitioner was selected from a promotion certificate and performed the duties of the WS–8852–9 position does not support a finding that he had been promoted. Further administrative action was required before the promotion action was complete. Accordingly, while a change to lower grade action would be appealable to the Board, there was no change to lower grade action processed by the respondent in this case.

In the instant case, the original promotion certificate from which the petitioner was selected was cancelled. Accordingly, I find that petitioner was never actually promoted to the vacant WS–8852–9 position.

Since there was no promotion and no change to lower grade action, I find that no appealable action has been taken which falls under the appellate jurisdiction of the Board. (See 5 U.S.C. Section 7512 and 5 C.F.R. Section 1201.3(a).)

The MSPB rejected Latimer's Petition for Review of Initial Decision and in its final order held that petitioner's appeal "does not meet the criteria for review set forth at 5 C.F.R. § 1201.115." [1]

---

1. 5 C.F.R. § 1201.115 provides in part:

[T]he Board may grant a petition for review when it is established that:

(a) New and material evidence is available * * *.

In this case petitioner's initial complaint could be characterized as either (1) an assertion that the promotion procedures were not according to law and the decision was arbitrary and capricious, or (2) that he was de facto demoted. By filing his appeal with the MSPB pursuant to 5 U.S.C. § 7701, and not filing suit with the Court of Claims or a district court, petitioner has limited himself in the present appeal to the de facto demotion argument. Further, petitioner has not challenged the MSPB's interpretation of its regulation restricting its appellate jurisdiction to adverse actions. On appeal to this court, Latimer contends that respondents' action of cancelling a promotion certificate—after having chosen petitioner for the position and after he had assumed the duties—and then issuing a new promotion certificate and removing Latimer from the position is adverse action within 5 U.S.C. § 7512 and hence within the appellate jurisdiction of the MSPB.

By regulation the jurisdiction of the MSPB is defined as follows:

(a) *Appellate jurisdiction generally.* The Board has appellate jurisdiction over cases specified in the Act where there have been prior actions within an agency. This includes certain decisions of the Office of Personnel Management relating to retirement and insurance benefits. This appellate jurisdiction includes:

(1) Removal or reduction-in-grade of competitive or preference eligible employees;

(2) Denial of within-grade step increases;

(3) Actions based upon removal, suspension for more than 14 days, reduction-in-grade or pay, or furlough for 30 days or less;

(4) Certain actions relating to the Senior Executive Service;

(b) The decision of the presiding official is based on an erroneous interpretation of statute or regulation.

**2.** There is, however, another avenue for review. The courts have found jurisdiction to review whether the promotion procedures were according to law and that the action of the federal officials was not arbitrary or capricious. The

(5) Actions otherwise appealable to the Board involving an allegation of discrimination;

(6) Determinations relating to disability retirement, health insurance and annuities;

(7) Actions involving reinstatement of preference eligibles; and

(8) Those actions for which jurisdiction may be properly granted by regulations of the Office of Personnel Management (OPM).

5 C.F.R. § 1201.3(a). This section is patterned after 5 U.S.C. § 7512, which defines "adverse actions" for new procedures mandated by the Civil Service Reform Act of 1978. Section 7512 provides:

This subchapter applies to—

(1) a removal;

(2) a suspension for more than 14 days;

(3) a reduction in grade;

(4) a reduction in pay; and

(5) a furlough of 30 days or less * * *.

■ From the face of the statute and the MSPB regulation, it appears that one may challenge a reduction in grade or pay by appeal to the MSPB, but not a non-promotion or irregularities in promotion procedures.[2]

■ It is our view that Latimer was not officially promoted as the waiver of reserve grade and the Standard Form 50 were never obtained. "It is settled law that a Government employee is entitled only to the rights and salary of the position to which he has been *appointed* by one having the proper authority to do so. * * * [I]t has long been the law that an appointment is not made until the last act required by the person or body vested with the appointment power is performed." *Goutos v. United States*, 552 F.2d 922, 924–25 (Ct.Cl.1976).

statutes relied on for jurisdiction include 28 U.S.C. §§ 1331, 1346, 1361 and 1391. *See Vukonich v. Civil Service Comm'n*, 589 F.2d 494, 496 n.1 (10th Cir. 1978) (§ 1331); *Gnotta v. United States*, 415 F.2d 1271, 1273 (8th Cir. 1969) (§§ 1361 and 1346(a)(2)); *Estes v. Spence*, 338 F.Supp. 316, 325 (D.D.C. 1972) (§§ 1361, 2201 and 2202).

In this case the MSPB has found that the final act, the issuance of the Standard Form 50, never happened as the necessary waiver of pay grade was never obtained. *Goutos* called the execution of this final form "the *sine qua non* to plaintiff's appointment." *Id.* at 924. In *Vukonich v. Civil Service Comm'n*, 589 F.2d 494, 496 (10th Cir. 1970), the Tenth Circuit held that there is no appointment until the final form, Standard Form 50, has been issued. *See also Biddle v. United States*, 602 F.2d 441, 443 (D.C. Cir. 1979).

To circumvent the impact of these cases, petitioner advances an estoppel argument. He stresses his good faith reliance that he was promoted and the alleged bad faith and deliberate subterfuge of Ruehter in not obtaining the waiver, cancelling the original certificate and then selecting Merryfield for the position.

The general rule is that estoppel cannot be asserted against the federal government. *Utah Power & Light Co. v. United States*, 243 U.S. 389, 37 S.Ct. 387, 61 L.Ed. 791 (1917). In *Goutos* the plaintiff had been recommended for promotion and served in the new position for two and one-half years without his promotion ever being made final and official. Subsequently, he was included in a list of candidates for the position but was not chosen. He argued that an appointment should be enforced on the basis of his two and one-half years of service and the knowing failure of the appointing official to make his promotion final. The court rejected this estoppel argument holding:

> To infer appointment under these facts could easily bring about chaos in government personnel management. Appointments could take effect automatically, even upon the knowing failure of an appointing official to act. The result would be that the person with the power to recommend would also obtain the power to appoint in direct contradiction of official regulations.

*Goutos v. United States, supra*, 552 F.2d at 925.

3. Latimer may not be without some relief, however; *see* note 2 *supra*.

 It is our view that *Goutos* controls this case. Neither petitioner's three weeks of performance nor the alleged failure of Ruehter to obtain the waiver estops the government from denying that he was promoted.[3] There being no promotion, it is clear that there could be no subsequent reduction in grade or removal. Therefore, the MSPB properly concluded it had no appellate jurisdiction to review Latimer's appeal.

The decision of the MSPB is affirmed.