Plaintiff is an employee of the Bureau of Land Management (blm) of the Department of the Interior. He is admittedly now classified at grade GS-11. His claim, however, is that from August 1971 to December 1978 he was required to and did the work of a GS-12 and was actually appointed to that position, but was paid only as a GS-11.[1] Defendant moves for summary judgment on the ground that he fails to state a claim within this court’s jurisdiction (among other grounds). We grant that motion.
Insofar as plaintiff says that he was entitled to be paid at the higher level (even though he was not appointed to that grade) simply because he did that grade of work, it is perfectly plain that he has no claim here for the difference in back pay. United States v. Testan, 424 U.S. 392 (1976), is directly on point (as are many decisions of this court).
The more serious of plaintiffs contentions is that he was in fact classified as and appointed to the GS-12 position in the period 1971-1978. The documentary proof fully available to us on the defendant’s motion for summary judgment shows that this was not so — plaintiff was never finally classified or appointed as a GS-12. For one thing, there is no form S.F. 50 appointing him to that level. But even if S.F. 50 is not an absolute prerequisite to appointment (see National Treasury Employees Union v. Regan, 663 F.2d 239 (D.C. Cir. 1981); Pratte v. National Labor Relations Board, *903 683 F.2d 1038 (7th Cir. 1982), but see Goutos v. United States, 212 Ct. Cl. 95, 97-8, 552 F.2d 922, 924 (1976), and Costner v. United States, 229 Ct. Cl. 87, 665 F.2d 1016, 1022 (1981)), we cannot say that plaintiff was ever appointed to the higher grade because no official with the authority to classify and appoint him to that grade ever took that action. There were instances in which plaintiffs supervisors recommended him for the higher level, but these recommendations were not approved by officials with the authority to effect the operative action. The same is true of proposed position descriptions placing his job at grade 12.[2] It is quite true that many persons in blm thought that plaintiff should be promoted and classified at the higher level, but that was never in fact done by the only authorities who could take effective action. The General Accounting Office came to the same conclusion (on Mr. Dierking’s appeal to that agency), as did in effect the mspb, and we have no basis for differing from those determinations. The result is that there is no basis for awarding him back pay for 1971-1978.[3]
For these reasons,[4] and without oral argument, we grant defendant’s motion for summary judgment and dismiss the petition.

 The suit was first filed in the District of Oregon which transferred it to this court.

 One such position description was signed by the Associate State Director, but due to the "precedent-setting nature” of that classification, the State Office could only recommend the action and was required to submit it to Washington which never granted effective approval.

 Plaintiff himself admits that in 1978 it was definitely decided by the Office of Personnel Management that his position was properly classified as GS-11.

 We do not reach the other defenses raised by the government.