991 F.2d 811
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
LeFloris LYON, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 Nos. 92-3103, 92-3208.
 United States Court of Appeals, Federal Circuit.
 March 29, 1993.
 
 Before ARCHER, PLAGER and RADER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 LeFloris Lyon petitions for review of two Merit Systems Protection Board decisions, Docket Nos. CH34439110405 and CH34439240I-1, dismissing his appeals for lack of jurisdiction. We affirm.
 
 DISCUSSION
 
 2
 On June 20, 1989, Lyon applied for the position of Health Technician (Darkroom) with the Department of Veterans Affairs (VA). Another employee was selected for the position on August 27, 1989.[1] Lyon filed an appeal with the board alleging discrimination and retaliation as a basis for his August 27 non-selection. On November 12, 1991, the Administration Judge (AJ) determined that Lyon's non-selection for a position is not a matter appealable to the board. The AJ rejected Lyon's veteran status as an independent basis for establishing jurisdiction. Accordingly, the AJ dismissed Lyon's appeal for lack of jurisdiction. This appeal no. 92-3208 followed.
 
 
 3
 On December 26, 1990, Lyon applied for the position of Photographer (Medical) with the VA. On March 20, 1991, the VA determined that Lyon was ineligible for the position because he did not meet the minimum time-in-grade requirements. Lyon appealed his non-selection to the board. The AJ ordered Lyon to submit evidence and argument to establish the board's jurisdiction. In response to the board's order, Lyon argued that the board had jurisdiction pursuant to 5 C.F.R. § 353 (restoration to duty after military service or compensable injury), 5 C.F.R. § 315.806 (appeal rights of probationary employees), 5 C.F.R. § 330.209 (appeal rights of employees on a reemployment priority list), or 5 C.F.R. § 300.104 (appeal rights of candidates for employment who believe an employment practice by the Office of Personnel Management (OPM) or an agency are discriminatory or violates a basic requirement of 5 C.F.R. § 300.103). Lyon also argued that the board had jurisdiction because he is a veteran entitled to veterans preference and that the VA's actions violate a prior settlement agreement.
 
 
 4
 The AJ determined: (1) that 5 C.F.R. § 353 was not applicable to Lyon's claim because he was not seeking reinstatement after military duty or after recovery from a compensable injury, (2) 5 C.F.R. § 315.806 was inapplicable because Lyon was not a probationary employee, (3) 5 C.F.R. § 330.209 was not applicable because Lyon was not on a reemployment priority list, (4) 5 C.F.R. § 300.104 was inapplicable because the non-selection was taken by the VA not OPM and Lyon's appeal rights lie through the VA's complaint and grievance process (5 C.F.R. § 300.104(c)), (5) Lyon's veteran status as a veteran did not, in itself, establish jurisdiction, and (6) because the settlement agreement was not entered into in a proceeding over which the board assumed jurisdiction, the board had no jurisdiction to enforce this agreement. Accordingly, the AJ dismissed Lyon's appeal for lack of jurisdiction. The board denied Lyon's petition for review because it did not meet the criteria for review. 5 C.F.R. § 1201.115. This appeal no. 92-3103 followed.
 
 
 5
 It is well-settled that the jurisdiction of the board is limited to those actions made appealable to it by law, rule or regulation. Roche v. United States Postal Serv., 828 F.2d 1555, 1557 (Fed.Cir.1987). An agency's non-selection of an employee for a position is not an action appealable to the board. 5 U.S.C. § 7512; see also Latimer v. Department of the Air Force, 657 F.2d 235, 237 (8th Cir.1981); 5 C.F.R. § 1201.3(a). Furthermore, in the absence of any appealable matter, the board lacks jurisdiction over Lyon's claim of discrimination. Cruz v. Department of the Navy, 934 F.2d 1240, 1246 (Fed.Cir.1991) (in banc). Lyon's status as a preference eligible employee does not establish a right to appeal to the board absent an otherwise appealable adverse action. Noble v. Tennessee Valley Auth., 892 F.2d 1013, 1015 (Fed.Cir.1989) (in banc). In his informal brief, Lyon also seeks to establish board jurisdiction pursuant to several statutory and regulatory provisions. However, as the AJ correctly determined in her decisions, these provisions are inapplicable because of the nature of the matter appealed.
 
 
 6
 The burden is upon Lyon to establish the board's jurisdiction over his appeal. Carey v. Merit Sys. Protection Bd., 768 F.2d 1338, 1339 (Fed.Cir.1985); 5 C.F.R. § 1201.56(a)(2). Lyon has not established that the board had jurisdiction and, hence, the board's decisions must be affirmed.
 
 
 
 [1]
 Although the record is not clear, it appears that Lyon was appointed to a Health Technician (Darkroom) position on September 18, 1989