16 F.3d 422
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 James R. BURCHARD, Petitioner,
v.
DEPARTMENT OF THE NAVY, Respondent.
 No. 93-3496.
 United States Court of Appeals, Federal Circuit.
 Dec. 22, 1993.
 
 Before NIES, Chief Judge, MAYER and MICHEL, Circuit Judges.
 PER CURIAM.
 
 
 1
 James R. Burchard appeals from the decision of the Merit Systems Protection Board (MSPB or Board) dismissing his appeal for lack of jurisdiction. We affirm the decision of the Board.
 
 I.
 
 2
 The Department of the Navy employed Burchard at the Puget Sound Naval Shipyard from 1977 until 1981. Before his retirement, Burchard applied for a merit promotion to the position of Permanent Reactor Plant General Foreman on several occasions, but was not selected. On May 26, 1981, Burchard filed an Equal Employment Opportunity (EEO) complaint, alleging discrimination based on age and reprisal. Burchard later withdrew his complaint as the result of a March 30, 1983 settlement agreement.
 
 
 3
 On March 10, 1993, Burchard filed an appeal with the MSPB. Burchard contended that his nonselection for a promotion prior to 1981 was based upon discrimination. He further alleged that the Navy had breached the 1983 settlement agreement. In an initial decision of April 7, 1993, the Administrative Judge (AJ) held that the MPSB did not possess jurisdiction over Burchard's claims. The AJ reasoned that the Board did not have jurisdiction over either challenges to merit promotion actions, except in certain circumstances not applicable here, or the 1983 settlement agreement, which arose not from a Board proceeding but from an action before the EEOC. The issue of the untimeliness of his petition--which was filed after almost a twelve-year delay--was not addressed. The full Board subsequently denied Burchard's petition for review. Burchard then filed suit in the United States District Court for the Western District of Washington against the Secretary of the Navy, alleging a breach of the settlement agreement, and appealed to this Court, seeking review of the Board's dismissal of his case for lack of jurisdiction.
 
 II.
 
 4
 In this appeal, the burden of demonstrating that the Board possesses jurisdiction over his case falls to Burchard, see Stern v. Department of the Army, 699 F.2d 1312, 1314 (Fed.Cir.), cert. denied, 462 U.S. 1122 (1983), who must demonstrate that some law, rule or regulation so provides. See Noble v. Tennessee Valley Authority, 892 F.2d 1013, 1014 (Fed.Cir.1989), cert. denied, 496 U.S. 936 (1990). Numerous cases recognize that no such authority establishes Board jurisdiction over claims of nonpromotion by an employing agency. See, e.g., Latimer v. Department of the Air Force, 657 F.2d 235 (8th Cir.1981); Williams v. Department of the Army, 651 F.2d 243 (4th Cir.1981); Tankesley v. Tennessee Valley Authority, 54 M.S.P.R. 147 (1992); Robins v. Department of Justice, 48 M.S.P.R. 644 (1991).
 
 
 5
 The Board also does not hold jurisdiction over Burchard's allegation of agency noncompliance with the 1983 settlement agreement. The Board has no power to review the legitimacy of or enforce settlements reached outside of its formal adjudicative process and not incorporated into a Board record of appeal. See Amin v. Merit Sys. Protection Bd., 951 F.2d 1247, 1252 (Fed.Cir.1991) ("the Board has jurisdiction to enforce a settlement agreement arising out of an underlying personnel action in the same case ") (emphasis added; citations omitted).
 
 
 6
 The Board having correctly held that it does not possess jurisdiction over Burchard's claim, its decision must be affirmed.