NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3274

ELEAZAR D. RODRICK,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  January 17, 2006

_____

Before BRYSON, LINN, and DYK, Circuit Judges.

PER CURIAM.

## DECISION

Eleazar D. Rodrick petitions this court for review of a decision of the Merit Systems Protection Board, Docket No. SE-0331-04-0128-I-1, affirming the decision of the Office of Personnel Management ("OPM") denying his application for an annuity under the Civil Service Retirement System ("CSRS").  We affirm.

## BACKGROUND

Mr. Rodrick worked as a civilian employee at the U.S. Naval Ship Repair Facility in the Philippines from March 29, 1968, until July 24, 1992.  During the first several

years of his employment, he worked pursuant to three temporary appointments, each for a period not to exceed one year. On May 1, 1970, Mr. Rodrick's status was converted to an indefinite appointment. On July 3, 1977, Mr. Rodrick was promoted to the position of Maintenance Machinist, PW-16. On July 24, 1992, Mr. Rodrick was terminated due to a reduction in force. Mr. Rodrick subsequently applied for CSRS retirement benefits. OPM, however, rejected Mr. Rodrick's application, Mr. Rodrick then appealed to the Board.

The administrative judge who was assigned to the case agreed with OPM that Mr. Rodrick was not eligible for a retirement annuity. The administrative judge ruled that his temporary appointment was excluded from CSRS coverage by 5 C.F.R. § 831.201(a)(1) and that his indefinite appointment was excluded from CSRS coverage by 5 C.F.R. § 831.201(a)(13). The administrative judge also ruled that the promotion Mr. Rodrick received in 1977 did not constitute a new appointment for which he was entitled to CSRS coverage. Therefore, the administrative judge ruled that all of Mr. Rodrick's service between May 1, 1970, and July 24, 1992, was pursuant to his indefinite appointment of May 1, 1970, and did not render him eligible for a CSRS annuity. Mr. Rodrick seeks review of that determination.

DISCUSSION

To be eligible for a CSRS annuity, an employee must complete five years of what is called "creditable" service, 5 U.S.C. § 8333(a). In addition, one of the last two years of the employee's service must qualify as "covered" service, 5 U.S.C. § 8333(b). See Tizo v. Office of Pers. Mgmt., 325 F.3d 1378, 1379-80 (Fed. Cir. 2003); Rosete v. Office of Pers. Mgmt., 48 F.3d 514, 516-17 (Fed. Cir. 1995). OPM and the Board found that

all of Mr. Rodrick's civilian service was "creditable," but that none of his service qualified as "covered."

Whether or not civilian service is "covered"—i.e., "subject to this subchapter" for purposes of section 8333(b)—is determined by regulation. See 5 U.S.C. § 8347(a), (g) (giving OPM authority to exclude certain groups of employees from CSRS coverage). OPM's regulations explicitly exclude several types of employees from CSRS coverage, including those "serving under appointments limited to one year or less," 5 C.F.R. § 831.201(a)(1), and those "serving under nonpermanent appointments, designated as indefinite, made after January 23, 1955," id. § 831.201(a)(13). The administrative judge correctly held that Mr. Rodrick's three temporary appointments fell under section 831.201(a)(1) of the regulations and therefore did not constitute "covered" service. The administrative judge also correctly held that the remainder of Mr. Rodrick's service was under an indefinite appointment and therefore was not "covered" in light of section 831.201(a)(13) of the regulations. Having determined that none of Mr. Rodrick's service was "covered," the administrative judge properly affirmed OPM's decision denying him an annuity.

Mr. Rodrick makes three arguments in an effort to overturn the Board's decision. First, he argues that his promotion in 1977 constituted a new appointment to a "covered" position and that his service from July 3, 1977, to July 24, 1992, was therefore "covered." Second, he argues that 5 C.F.R. § 831.201(b)(2)-(3), which provides certain exceptions to section 831.201(a), applies to him and negates the effect of section 831.201(a). Finally, he argues that, to the extent section 831.201(a) excludes his employment from "covered" status, it violates 5 U.S.C. § 8347(g).

In arguing that his promotion constituted a new appointment to a covered position, Mr. Rodrick cites Goutos v. United States, 552 F.2d 922 (Ct. Cl. 1976), which he argues stands for the proposition that a promotion is deemed to be a new appointment. In Goutos, however, there was no dispute about whether the particular promotion at issue was an "appointment." The question before the court was whether that particular appointment was fully consummated, and the court held that it was not. Id. at 924-25. Goutos therefore provides no reason to disturb the administrative judge's ruling that the final 22 years of Mr. Rodrick's appointment were served pursuant to his indefinite appointment of May 1, 1970.

Mr. Rodrick's second argument is that, regardless of whether his promotion constituted a new appointment, 5 C.F.R. § 831.201(b)(2)-(3) gives him a right to an annuity. Section 831.201(b) of the regulations provides:

> Paragraph (a) of this section does not deny retirement coverage when:
> . . .
> (2) The employee receives a career or career-conditional appointment under part 315 of this chapter; [or]
> (3) The employee is granted competitive status under legislation, Executive order, or civil service rules and regulations, while he or she is serving in a position in the competitive service.

The problem with Mr. Rodrick's argument is that there is no evidence that his promotion was a "career or career-conditional appointment under part 315 of [5 C.F.R.]" or that he was "granted competitive status" while "serving in a position in the competitive service." Mr. Rodrick appears to argue that his promotion gave him competitive status because the promotion was authorized by Part 335 of title 5 of the Code of Federal Regulations. That regulation, he argues, was published pursuant to Executive Order 10577, which included a provision for granting competitive status to some employees under some circumstances. But the fact that an Executive Order provided that some employees in

Mr. Rodrick's position could be granted competitive status "[u]nder such conditions as the Civil Service Commission may prescribe" does not mean that Mr. Rodrick acquired competitive status. In addition, Part 335 of title 5 of the Code of Federal Regulations does not help Mr. Rodrick because 5 C.F.R. § 335.101 provides that "[a] position change authorized by § 335.102 [Agency authority to promote, demote, or reassign] does not change the competitive status of an employee." Assuming that Mr. Rodrick is correct that his promotion was ordered pursuant to Part 335, section 335.101 directly contradicts his assertion that the promotion gave him competitive status, because he did not have competitive status before his promotion.

Finally, Mr. Rodrick's argument that 5 U.S.C. § 8347(g) makes 5 C.F.R. § 831.201(a) inapplicable to him is foreclosed by our case law. Mr. Rodrick argues that the regulation "contravene[s] the OPM authority to exclude intermittent or temporary [employees]" from CSRS coverage. The statute, however, provides in full that

> [t]he Office may exclude from the operation of this subchapter an employee or group of employees in or under an Executive agency whose employment is temporary or intermittent. However, the Office may not exclude any employee who occupies a position on a part-time career employment basis (as defined in section 3401(2) of this title).

5 U.S.C. § 8347(g). Mr. Rodrick does not appear to argue that his appointment was "on a part-time career employment basis." Rather, he argues that his employment was not "temporary or intermittent" and that it was therefore beyond OPM's authority to exclude his position from CSRS coverage. This court has directly confronted that issue in the past and has held that the exclusion from coverage of indefinite appointments in the excepted service—such as Mr. Rodrick's—is fully consistent with the statutory language "temporary or intermittent," and that OPM was within its authority in promulgating and

applying 5 C.F.R. § 831.101(a)(13).  <u>Rosete</u>, 48 F.3d at 518-20.  We therefore affirm the

Board's decision in this case.

No costs.