**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

RICHARD A. MOKUA,
      Appellant,

      v.

DEPARTMENT OF JUSTICE,
      Agency.

DOCKET NUMBER
CH-0752-22-0376-I-1

DATE: March 22, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jerry Girley, Esquire, Orlando, Florida, for the appellant.

Amy Standefer-Malott, Esquire, Chicago, Illinois, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his alleged involuntary resignation appeal for lack of jurisdiction because the appellant lacks Board appeal rights as a probationary employee with less than 1 year of Federal service. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). If an appellant makes a nonfrivolous allegation that the Board has jurisdiction over his appeal, the appellant is entitled to a hearing on the jurisdictional question if he requests one. *Niemi v. Department of the Interior*, 114 M.S.P.R. 143, ¶ 8 (2010). On review, the appellant reasserts that he was not serving a probationary period at the time of his June 10, 2022 resignation because (1) his probation began on May 20, 2021, when he received notice from the agency of his appointment rather than on the August 15, 2021 appointment date reflected in his Standard Form 52 (SF-52) and (2) the agency told him that his probationary period was 90 days. Petition for Review (PFR) File, Tab 1 at 5, 7; Initial Appeal File (IAF), Tab 11 at 6-7.

¶3 The Board has held that the calculation to determine an individual's first year of service begins on the date he entered duty. *See Calixto v. Department of Defense*, 120 M.S.P.R. 557, ¶ 19 (2014); *see also Hintz v. Department of Army*, 21 F.3d 407, 410 & n.2 (Fed. Cir. 1994) (holding that the appellant's probationary period began when he reported for duty, not when he received the letter informing

him that he had been selected for the position and directing him to report for duty). Here, the parties do not dispute that the appellant actually started work in August 2021.[2] IAF, Tab 1 at 8, Tab 8 at 4, Tab 12 at 5. In his sworn affidavit, the appellant stated that the agency hired him in August 2021. IAF, Tab 7 at 10. Additionally, the appellant has not alleged that he performed a Federal function before his start date in August 2021. *See Vandewall v. Department of Transportation*, 52 M.S.P.R. 150, 152-53 (1991) (holding that the appellant's probationary period began her first workday because she was not performing a Federal function or supervised by a Federal official prior to that date).

¶4        In reviewing the appellant's SF-52, the administrative judge noted that it showed an appointment date of August 15, 2021, and that the appellant was required to serve a 1-year probationary period that began on August 15, 2021. IAF, Tab 13, Initial Decision (ID) at 5-6; IAF, Tab 9 at 55-56. However, the administrative judge erroneously assessed that the SF-52 was "clearly determinative" when it came to ascertaining the appointment date. ID at 5 (citing *Grisby v. Department of Commerce*, 729 F.2d 772 (Fed. Cir. 1984) (citing *Goutos v. United States*, 552 F.2d 922 (Ct. Cl. 1976)). In *Grisby*, the U.S. Court of Appeals for the Federal Circuit clarified that an SF-50 and SF-52 are not controlling of an employee's status but rather they could be considered as evidence. *Grisby*, 729 F.2d at 775-76. Thus, the appointment SF-52 submitted by the agency in this matter is not "determinative" at this stage. Nevertheless, even disregarding that document, we find that the appellant has not made a nonfrivolous allegation that his probationary period began prior to his entry on duty in August 2021 for the reasons set forth above in ¶ 3.

---

[2] The appellant states he started work on August 16, 2021, while the agency states he was hired on August 15, 2021. IAF, Tab 1 at 8, Tab 8 at 4, Tab 12 at 5. The SF-52 documenting his appointment listed the effective date as August 15, 2021, a Sunday. IAF, Tab 9 at 55-56. The appellant appears to have reported for duty on Monday, August 16, 2021. The distinction between these dates is immaterial to the outcome of this appeal.

¶5      We have considered the appellant's assertion that, at the time of his appointment, the agency informed him that he would be placed in a trial or probationary status for only 90 days. IAF, Tab 11 at 7; PFR File, Tab 1 at 7. However, the appellant has not alleged any facts that would support a conclusion that he was subject to a probationary period less than 1 year. *See* 5 C.F.R. § 1201.4(s) (defining "nonfrivolous allegation"); *see also Calixto*, 120 M.S.P.R. 557, ¶ 5 (noting that almost all first-time competitive service employees are subject to a 1-year probationary or trial period before accruing adverse action appeal rights to the Board).[3] Even if the agency misrepresented such information, this would not be a basis for conferring jurisdiction on the Board to hear the appeal on the merits. *See Calixto*, 120 M.S.P.R. 557, ¶ 17 n.6; *Phillips v. Department of Housing and Urban Development*, 44 M.S.P.R. 48, 52 (1990).

¶6      Accordingly, we agree with the administrative judge's conclusion that the appellant did not make a nonfrivolous allegation that he was an "employee" with adverse action appeal rights under 5 U.S.C. chapter 75. ID at 4, 7; *see* 5 U.S.C. §§ 7511(a)(1)(A), 7512, 7513(d).

¶7      For the first time on review, the appellant states that he was threatened with termination for preappointment reasons without proper procedures, which might be a basis for jurisdiction under 5 C.F.R. § 315.806(c). PFR File, Tab 1 at 8-9. However, he provides no factual allegations to support his bare assertion that his proposed termination was based in whole or in part on conditions arising before his appointment. *Id.*; ID at 7; IAF, Tab 7 at 10-11. We find no basis to disturb the administrative judge's conclusion that the appellant has not made a nonfrivolous allegation of jurisdiction pursuant to 5 C.F.R. § 315.806(a)-(c).

¶8      On review, the appellant again claims that he was coerced into resigning immediately due to alleged misleading and false statements by the agency. PFR File, Tab 1 at 9-10. However, because the Board lacks jurisdiction for the reasons already explained, we cannot decide the merits of these claims. ID at 8-9.

---

[3] There is no dispute that the appellant had no prior Federal service. IAF, Tab 1 at 8.

¶9      Having considered the appellant's petition for review, we affirm the initial decision dismissing this appeal for lack of jurisdiction.  We note, however, that we do so without prejudice to the appellant, after exhausting his administrative remedies with the Office of Special Counsel (OSC), timely filing a future individual right of action (IRA) appeal should he wish to pursue a claim of whistleblower reprisal.  *See* 5 U.S.C. § 1221; 5 C.F.R. part 1209.  In his initial appeal, the appellant asserted, among other things, that he was retaliated against for raising certain "concerns" with the Associate Warden and Warden in December 2021.  IAF, Tab 1 at 9.  It does not appear that the appellant was provided notice regarding how to establish jurisdiction over his claims as an IRA appeal.  *See, e.g., Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 14; 5 C.F.R. § 1209.2.  Nevertheless, before pursuing an IRA appeal, the appellant must first seek corrective action from OSC before seeking corrective action from the Board.  *See Chambers*, 2022 MSPB 8, ¶ 5 (quoting 5 U.S.C. § 1214(a)(3)).  There is no indication that the appellant has done so here, IAF, Tab 1 at 4, so there is no basis for finding IRA jurisdiction at this time.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

_____

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:        _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.